OPINION
Appellant Deborah McGowan appeals the decision of the Stark County Court of Common Pleas that granted summary judgment on behalf of Appellees Gastroenterology Associates, Inc.; Gerald Smith, M.D.; Nashat Y. Gabrail, M.D.; Nashat Y. Gabrail, M.D., Inc.; Steven D. Smith, M.D.; Family Medicine, Inc.; and Hartville Family Practice. The following facts give rise to this appeal.
On September 19, 1995, appellant filed, for the first time, her action alleging medical malpractice and wrongful death against the above named appellees. On July 16, 1996, the trial court ordered appellant to identify an expert on or before January 31, 1997. Instead of identifying an expert, on January 23, 1997, appellant filed a notice of voluntary dismissal pursuant to Civ.R. 41(A)(1)(a).
On this same day, appellant re-filed her lawsuit for the second time alleging the same causes of action against the same appellees. On August 1, 1997, appellant identified Thomas Imperiale, M.D. as an expert who would testify against appellees. Appellees made numerous requests, to appellant, to produce Dr. Imperiale for deposition. Appellant did not cooperate and subsequently, on March 15, 2000, the trial court ordered appellant to produce Dr. Imperiale for deposition within thirty days or sanctions would be imposed. On March 21, 2000, appellant informed appellees that Dr. Imperiale refused to testify.
Thereafter, appellees filed motions for summary judgment. On August 4, 2000, the trial court determined that appellant had failed to prosecute the case and dismissed the action pursuant to Civ.R. 41(B). Appellant appealed the trial court's dismissal to this court. We affirmed the trial court's decision on March 27, 2001.[1]
On August 3, 2001, appellant re-filed her action for a third time stating the same causes of action against the same defendants. On September 18, 2001, Appellees Gastroenterology Associates, Inc. and Gerald Smith, M.D. filed a motion for summary judgment arguing appellant's claims were barred by the applicable statutes of limitations and appellant had previously used the savings statute to re-file her second lawsuit and therefore, could not use it again to re-file her third lawsuit. The remaining appellees joined in the motion.
On November 29, 2001 and December 21, 2001, the trial court filed judgment entries granting the motion for summary judgment and dismissed appellant's lawsuit. The trial court concluded that when appellant re-filed her lawsuit for the second time on January 23, 1997, she did so pursuant to the savings statute because the statute of limitations for the medical malpractice claim had already expired. The trial court further concluded that appellant was permitted to use the savings statute only once, which she did when she re-filed her second action. The trial court also found that the General Assembly, in choosing the term "action" as opposed to "claims," expressed its intent that the savings statute would not apply to each claim, but the action as a whole. Judgment Entry, Nov. 29, 2001, at 3.Appellant timely filed her notice of appeal and sets forth the following assignments of error for our consideration:
 "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT, AS A MATTER OF LAW, THAT OHIO REVISED CODE SECTION 2305.19 BARRED THE REFILING OF THE WRONGFUL DEATH CLAIM.
 II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT, AS A MATTER OF LAW, THAT OHIO REVISED CODE SECTION 2305.19 BARRED THE REFILING OF THE MEDICAL MALPRACTICE CLAIM."
 Summary Judgment Standard
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrates the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citingDresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107.
It is based upon this standard that we review appellant's two assignments of error.
 I, II
We will address appellant's two assignments of error simultaneously as both concern the same arguments as applied to the two causes of action asserted in the complaint. Appellant contends, in her two assignments of error, the trial court erred when it granted summary judgment and found that R.C. 2305.19 barred the re-filing of the wrongful death and medical malpractice claims. We disagree.
The statute referred to by appellant, R.C. 2305.19, is the savings statute, which provides, in part, as follows:
 "In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date." * * *
Pursuant to the above statute, if an action is filed within the statute of limitations and then is voluntarily dismissed by the plaintiff after the expiration of the applicable statute of limitations, the savings statute provides the plaintiff with one additional year from the date of dismissal in which to re-file the action. Although the Ohio Supreme Court has not squarely decided the issue, it has strongly suggested, in dicta, that a plaintiff may use the savings statute only once to re-file a case. See Thomas v. Freeman, 79 Ohio St.3d 221, 227, 1997-Ohio-395.
In Thomas, the Court held that a dismissal for failure to obtain service on a defendant was a dismissal "otherwise than upon the merits" and that a plaintiff could therefore utilize the savings statute to re-file within one year, provided that the statute's other procedural requirements were satisfied. Id. at paragraph two of the syllabus. The Court rejected the argument that classifying the dismissal as "without prejudice" would risk continuous re-filings by a dilatory plaintiff. Id. at 227. Instead, the Court noted that "the savings statute can be used only once to re-file a case." Id., citing Hancock v. Kroger Co. (1995),103 Ohio App.3d 266 and Iglodi v. Montz (Aug. 4 [sic, 31], 1995), Cuyahoga App. No. 68621.
Further, a number of appellate courts have also concluded that a plaintiff may utilize the savings statute only once to re-file a case. See, e.g., Estate of Carlson v. Tippett (1997), 122 Ohio App.3d 489;Koslen v. American Red Cross (Sept. 4, 1997), Cuyahoga App. No. 71733, discretionary appeal not allowed (1998), 81 Ohio St.3d 1414; Stover v.Wallace (Feb. 15, 1996), Franklin App. No. 95APE06-743, discretionary appeal not allowed (1997), 77 Ohio St.3d 1419; Nagy v. Patterson (Nov. 9, 1994), Lorain App. No. 005837, discretionary appeal not allowed (1995),71 Ohio St.3d 1502; Gailey v. Murphy (Feb. 24, 1993), Summit App. No. 15805.
In the case sub judice, appellant's action is comprised of two claims. Appellant's first claim is a medical malpractice claim which has a one-year statute of limitations. The second claim is a wrongful death claim which has a two-year statute of limitations. Appellant's decedent died on April 6, 1995. The statute of limitations for her medical malpractice claim expired no later than April 6, 1996, and the statute of limitations for her wrongful death claim expired no later than April 6, 1997.
Appellant filed her first complaint on September 29, 1995. Appellant voluntarily dismissed this complaint on January 23, 1997. Appellant re-filed her second complaint on this same date. The trial court dismissed appellant's second complaint for failure to prosecute on August 3, 2001. Because the statute of limitations for appellant's medical malpractice claim expired before appellant voluntarily dismissed her first complaint, she was only permitted to re-file her second complaint through the use of the savings statute.Appellant claims she is entitled to invoke the savings statute again, to re-file her third complaint, because she previously invoked it, to re-file her second complaint, only as to the claim for medical malpractice, and did not previously use it for the wrongful death claim. Thus, appellant concludes that because her complaint contains two claims, she should be able to use the savings statute twice.
In support of this argument, appellant refers to the definitions of the words "action," "cause of action," and "claim." Appellant contends she has two separation causes of action, an action for medical malpractice and an action for wrongful death. Further, because these causes of action have different statutes of limitations, appellant maintains she is entitled to use the savings statute twice. We decline to accept appellant's argument. R.C. 2305.19 speaks in terms of "actions." We agree with the trial court's conclusion that the General Assembly, in choosing the term "action," as opposed to the term "claims," expressed its intent that the statute would not apply to each claim, but to the "action" as a whole.
Further, in order to employ the savings statute, a plaintiff must satisfy at least two elements: (1) commencement of an action before the statute of limitations has expired; and (2) failure otherwise than upon the merits after the statute of limitations has expired. Mihalcin v.Hocking College (Mar. 20, 2000), Athens App. No. 99CA32, at 4, discretionary appeal not allowed (2000), 89 Ohio St.3d 1469. When a plaintiff has already utilized the savings statute once, it means that he or she has re-filed an action after the statute of limitations has expired. Thus, an attempt to use the savings statute a second time, to file a third complaint, is an attempt to re-file an action that was not commenced before the statute of limitations expired. Id. The third complaint therefore fails to qualify for re-filing under R.C. 2305.19
because it constitutes an attempt to re-file an action that was not commenced before the expiration of the statute of limitations. Id.
"Were the rule otherwise, a plaintiff could utilize the savings statute to keep a cause of action alive long past the time that the statute of limitations expired. [Citations omitted.] This would directly contradict the Ohio Supreme Court's pronouncement that R.C. 2305.19 is neither a tolling provision nor a statute of limitations unto itself." [Citations omitted.] Id. Appellant also argues, in support of her two assignments of error, that public policy and justice require that she be able to proceed with her case. However, appellant has had two opportunities to pursue her case, which she has failed to do. The statute of limitations provides a reasonable time in which a litigant may bring his or her claim and strikes an appropriate balance between the plaintiff's right to bring the action and the defendant's right to have any claims against him or her resolved within a reasonable period of time.
Appellant next argues the trial court should not have dismissed her complaint on the affirmative defenses of res judicata and statute of limitations. A review of the record indicates the trial court did not rely upon the doctrine of res judicata when it granted summary judgment in favor of appellees. Appellant also claims the dismissal, pursuant to Civ.R. 12(B)(6), was improper. However, the trial court did not dismiss appellant's complaint pursuant to Civ.R. 12(B)(6), but instead determined appellant's third complaint was not filed within the applicable statute of limitations.
Finally, appellant maintains the trial court's decision to grant summary judgment on behalf of appellees violates her right to due process and right to seek redress under Section 16, Article I of the Ohio Constitution. The First District Court of Appeals rejected this argument in the case of Shockey v. Our Lady of Mercy/Mariemont Hosp. Health CareSystems Catholic Care Partners (Nov. 17, 1999), Hamilton App. No. C-990182, discretionary appeal not allowed (2000), 88 Ohio St.3d 1435. The court held, "[t]he proper application of res judicata or other procedural devices such as forum non conveniens or the statute of limitations to dispose of a claim does not violate the constitutional right to redress expressed in Section 16, Article I of the Ohio Constitution." Id. at 3.
Accordingly, we conclude the trial court properly granted summary judgment on behalf of appellees. Appellant's first and second assignments of error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed
By: WISE, J. HOFFMAN, P.J., and BOGGINS, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs assessed to appellant.
[1] McGowan v. Family Medicine, Inc. (Mar. 26, 2001), Stark App. No. 2000CA00278.