ISON, Appellee,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.

[Cite as *Ison v. State Farm Mut. Auto. Ins. Co.*, 148 Ohio App.3d 465, 2002-Ohio-3762.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 78794 and 79635.

Decided July 1, 2002.

Nurenberg, Plevin, Heller & McCarthy Co., L.P.A., Jeffrey A. Leiken and Brenda M. Johnson, for appellee.

Davis & Young and Cornelius J. O'Sullivan, for appellant.

WISE, Judge.

{¶ 1}  State Farm Mutual Automobile Insurance Company ("State Farm") appeals the decision of the Cuyahoga County Court of Common Please that denied its motion to dismiss a petition for arbitration and subsequent motion for relief from judgment.

{¶ 2}  The accident giving rise to this appeal occurred on September 28, 1991, when Albert Petia made a left turn in front of appellee John Ison. Appellee Ison

was operating a motorcycle and suffered serious injuries, including a fractured pelvis and closed head injuries requiring hospitalization and surgery.

{¶ 3}  As a result of the accident, appellee Ison filed a complaint against Albert Petia on January 2, 1992.  Following nearly two years of discovery, the trial court scheduled the matter for trial on November 9, 1994.  However, in lieu of proceeding with the trial, the parties allegedly entered into an agreement to arbitrate the case and jointly dismissed the case, otherwise than upon the merits, on November 14, 1994.  The trial court's journal entry, dated November 16, 1994, provides as follows: " * * * COURT ADVISED THAT CASE IS TO BE DISMISSED AND REFERRED TO ARBITRATION.  TRIAL PREVIOUSLY SET FOR 11/9/94 IS CONTINUED TO 11/21/94 PENDING DISMISSAL ENTRY."

{¶ 4}  Prior to the filing of the joint voluntary dismissal, Petia's counsel allegedly forwarded an unsigned proposed private arbitration agreement to counsel for appellee Ison on November 8, 1994.  It is alleged by State Farm that this agreement was never returned to counsel for Petia.  Appellee Ison alleges his counsel attempted to schedule an arbitration hearing following the joint voluntary dismissal, but on November 4, 1999, he was informed that State Farm would not agree to arbitrate this matter.

{¶ 5}  On July 24, 1998, Petia died.  Thereafter, on January 6, 2000, appellee Ison filed a motion to enforce the arbitration agreement as part of the original case filed in January 1992.  The trial court denied appellee Ison's motion on April 3, 2000, stating as follows in its judgment entry:

{¶ 6}  "As this case was dismissed without prejudice on 11/29/94, this Court lacks jurisdiction to hear Plaintiff's Motion to Enforce Arbitration Agreement (filed 2/24/00).  Accordingly, Motion is denied  [sic]."

{¶ 7}  As a result of this ruling, on May 16, 2000, appellee Ison filed a petition to enforce the arbitration pursuant to R.C. 2711.03.  State Farm opposed the petition and moved to have it dismissed.  The trial court denied State Farm's motion to dismiss and instead held:

{¶ 8}  "Motion of defendant to strike/dismiss pltf's petition for arbitration (filed 5/19/00) is denied.  pltf's petition to enforce arb agreement * * * is granted.  Pursuant to the parties' original private arbitration agreement, entered in [sic] or after november 1994, this matter is to proceed to binding private arbitration within 90 days from the date of this order.  * * *"

{¶ 9}  Following the trial court's ruling, State Farm filed a motion for relief from judgment, request for immediate hearing and request for a jury trial.  State Farm also appealed the trial court's decision denying its motion to dismiss on November 2, 2000.  Following its notice of appeal, State Farm sought a limited

remand for the purpose of allowing the trial court to rule on its motion for relief from judgment. On remand, the trial court denied State Farm's motion for relief from judgment. State Farm also appealed the denial of this motion.

{¶ 10} Due to the fact that a current appellate court judge on the Eighth District Court of Appeals previously represented a party in this matter, the Ohio Supreme Court assigned the case to the Fifth District Court of Appeals. State Farm sets forth the following assignments of error for our consideration:

{¶ 11} "I. The trial court erred in failing to dismiss this case under the doctrine of res judicata.

{¶ 12} "II. The trial court erred in finding that an arbitration agreement existed between the parties.

{¶ 13} "III. The trial court erred in failing to apply the doctrine of latches."

## Standard of Review

{¶ 14} State Farm appeals two decisions rendered by the trial court. The first appeal concerns the trial court's denial of its motion to dismiss. Although State Farm does not specifically indicate, in its motion to dismiss, that it filed the motion pursuant to Civ.R. 12(B)(6), the motion does challenge the sufficiency of appellee's petition to enforce the arbitration.

{¶ 15} Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. *Greeley v. Miami Valley Maintenance Contrs., Inc.* (1990), 49 Ohio St.3d 228, 229, 551 N.E.2d 981, overruled on other grounds. Therefore, we must determine whether the allegations contained in the petition to enforce the arbitration are legally sufficient to state a claim. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. *Byrd v. Faber* (1991), 57 Ohio St.3d 56, 60, 565 N.E.2d 584.

{¶ 16} State Farm also appeals the trial court's decision denying its motion for relief from judgment. A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court and a ruling will not be disturbed absent an abuse of discretion. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 17} A party seeking relief from judgment pursuant to Civ.R. 60(B) must show: (1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds set forth in the rule; and (3) that

the motion is timely filed, and where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceedings was entered or taken. *Argo Plastic Products Co. v. Cleveland* (1984), 15 Ohio St.3d 389, 391, 15 OBR 505, 474 N.E.2d 328.

{¶ 18}   It is based upon these standards that we review State Farm's assignments of error.

## I

{¶ 19}   In its first assignment of error, State Farm contends that the trial court erred when it failed to grant its motion to dismiss under the doctrine of res judicata.   We disagree.

{¶ 20}   In *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus, the Ohio Supreme Court adopted the modern application of the doctrine of res judicata and held:

{¶ 21}   "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.   * * *"

{¶ 22}   In order for the doctrine of res judicata to bar a second suit, the following elements must be presents: (a) an existing final judgment; (b) rendered on the merits without fraud or collusion; (c) by a court of competent jurisdiction; (d) is conclusive of all rights, questions, and facts in issue; (e) as to the parties and their privies; and (f) in all other actions in the same or any other judicial tribunal or concurrent jurisdiction. *Ohio Dept. of Human Serv. v. Kozar* (1995), 99 Ohio App.3d 713, 716, 651 N.E.2d 1039, citing *Quality Ready Mix, Inc. v. Mamone* (1988), 35 Ohio St.3d 224, 227, 520 N.E.2d 193.

■   {¶ 23}   State Farm maintains that the doctrine of res judicata applies to the case sub judice under two scenarios.   First, State Farm contends that when appellee filed his motion to enforce the arbitration agreement on February 25, 2000, he should have also asserted his claim pursuant to R.C. 2711.03.   State Farm maintains that when the trial court overruled appellee's motion to enforce the arbitration agreement, due to lack of jurisdiction, appellee was precluded from taking any other action to enforce arbitration and since appellee did not appeal the trial court's decision, the decision was conclusive as to all the claims which were or might have been litigated in the first lawsuit.

■   {¶ 24}   State Farm also contends the doctrine of res judicata applies because appellee failed to re-file his lawsuit within one year of voluntarily dismissing it pursuant to Civ.R. 41(A)(1).   The parties entered into an agreement to voluntarily dismiss the lawsuit on November 14, 1994.   State Farm claims that

appellee had to refile the lawsuit within one year of the voluntary dismissal and having failed to do so, the trial court is without jurisdiction to hear this matter.

{¶ 25}   In response, appellee maintains that the doctrine of res judicata does not apply because the two scenarios referred to by State Farm do not involve final judgments rendered on the merits.   As noted above, in order for the doctrine of res judicata to apply, there must be an existing final judgment rendered on the merits, without fraud or collusion.   We agree with appellee that such a judgment does not exist in this case.

{¶ 26}   Under State Farm's first scenario, the trial court dismissed the motion to enforce arbitration on the basis that it lacked jurisdiction to address the motion because the matter had been voluntarily dismissed without prejudice by the parties.   The trial court's determination that it lacked jurisdiction to hear appellee's motion is not a decision rendered upon the merits of the case. Therefore, the doctrine of res judicata does not apply under this scenario.   As to the second scenario, a dismissal pursuant to Civ.R. 41(A)(1) is a dismissal otherwise than upon the merits.   Thus, the doctrine of res judicata also does not apply under this scenario.

{¶ 27}   Accordingly, we conclude the trial court did not err when it denied State Farm's motion to dismiss and did not abuse its discretion when it denied State Farm's motion for relief from judgment as the doctrine of res judicata is inapplicable under these two scenarios.

{¶ 28}   State Farm's first assignment of error is overruled.

## II

{¶ 29}   State Farm contends, in its second assignment of error, that the trial court erred in finding that an arbitration agreement existed between the parties.   We agree.

{¶ 30}   In *ABM Farms, Inc. v. Woods* (1998), 81 Ohio St.3d 498, 500, 692 N.E.2d 574, the Ohio Supreme Court noted that the courts, both state and federal, and the legislature all favor arbitration.   However, arbitration is a matter of contract and parties cannot be required to submit to arbitration those disputes that they have not agreed to submit to arbitration.   *Cross v. Carnes* (1998), 132 Ohio App.3d 157, 165–166, 724 N.E.2d 828.   The scope of an arbitration clause, that is, whether a controversy is arbitrable under the provisions of a contract, is a question for the trial court to decide upon examination of the contract.   *Divine Constr. Co. v. Ohio–American Water Co.* (1991), 75 Ohio App.3d 311–316, 599 N.E.2d 388.

{¶ 31}   Appellee filed this action pursuant to R.C. 2711.03.   This statute provides as follows:

{¶ 32} "(A) The party aggrieved by the alleged failure of another to perform under a written agreement for arbitration may petition any court of common pleas having jurisdiction of the party so failing to perform for an order directing that the arbitration proceed in the manner provided for in the written agreement. * * * The court shall hear the parties, and, upon being satisfied that the making of the agreement for arbitration or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the agreement."

{¶ 33} In interpreting the language contained in the above statute, the Ohio Supreme Court held that "only when the making of the arbitration clause is itself at issue may the trial court proceed to try the action." *ABM Farms, Inc.* at 501, 692 N.E.2d 574. "If the agreement to arbitrate is not at issue, then the court must compel arbitration to proceed." *Smith v. Whitlatch & Co.* (2000), 137 Ohio App.3d 682, 685, 739 N.E.2d 857.

{¶ 34} In the case sub judice, State Farm clearly challenges the existence of an agreement to arbitrate. State Farm maintains a mere proposal was forwarded to appellee's counsel in 1994 and that appellee's counsel never provided it or the trial court with an executed copy of the written arbitration agreement.[1] State Farm also produced a copy of a note, dated November 9, 1994, that indicated that appellee's counsel had telephoned and wished to change a term of the agreement concerning the Rules of Evidence clause. Further, as late as October 2000, appellee's counsel raised an issue concerning the number of arbitrators.

{¶ 35} We find that this evidence challenges the existence of an agreement to arbitrate. Where the existence of the contract containing the arbitration clause is at issue, a question of fact arises which is subject to trial. *Colegrove v. Handler* (1986), 34 Ohio App.3d 142, 144–145, 517 N.E.2d 979. The Eighth District Court of Appeals reached the same conclusion in *Schroeder v. Shearson, Lehman & Hutton, Inc.*, (Apr. 25, 1991), Cuyahoga App. No. 60236, 1991 WL 64318, and held that because the complaint put in issue the existence of the arbitration agreement due to the plaintiff's claim that the contract was never executed by him, the issue of arbitrability of the dispute was required to have been addressed in a trial. Id. at 3. The Eighth District Court of Appeals held that the trial court erred in summarily ordering arbitration. Id.

---

1. An agreement to submit to arbitration must be in writing in order for it to be enforceable under R.C. Chapter 2711. However, there is nothing in those statutes which require signatures to be on those agreements. *Brumm v. McDonald & Co. Securities, Inc.* (1992), 78 Ohio App.3d 96, 102, 603 N.E.2d 1141.

{¶ 36} Similarly, in the matter currently before the court, State Farm put into issue the existence of an agreement to arbitrate. Because a material issue of fact exists as to whether the parties entered into an agreement to arbitrate, pursuant to R.C. 2711.03, State Farm is entitled to a trial on this issue. Thus, the court erred when it denied State Farm's motion to dismiss and abused its discretion in denying State Farm's motion for relief from judgment.

{¶ 37} State Farm's second assignment of error is sustained.

### III

{¶ 38} In its third assignment of error, State Farm maintains that appellee's claims have been waived by the doctrine of laches. We decline to address this issue as it lacks ripeness.

{¶ 39} Ripeness "is peculiarly a question of timing." *Regional Rail Reorganization Act Cases* (1974), 419 U.S. 102, 140, 95 S.Ct. 335, 42 L.Ed.2d 320. The ripeness doctrine is motivated in part by the desire "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies * * *." *Abbott Laboratories v. Gardner* (1967), 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681. As one writer has observed:

{¶ 40} "The basic principle of ripeness may be derived from the conclusion that 'judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote.' * * * [T]he prerequisite of ripeness is a limitation on jurisdiction that is nevertheless basically optimistic as regards to the prospects of a day in court: the time for judicial relief is simply not yet arrived, even though the alleged action of the defendant foretells a legal injury to the plaintiff." Comment, Mootness and Ripeness: The Postman Always Rings Twice (1965), 65 Colum. L.Rev. 867, 876.

{¶ 41} State Farm asks this court to apply the doctrine of laches and conclude that appellee's claims have been waived. In support of this argument, State Farm maintains the doctrine of laches is applicable because appellee has waited six years to attempt arbitration and the delay has damaged its ability to defend against appellee's claim. State Farm points to the fact that Albert Petia died in July 1998 and can no longer aid in the defense or prosecution of this matter. Further, the critical evidence in the liability case, appellee's motorcycle light, is no longer in possession of the Brookpark Police Department.

{¶ 42} We conclude that only if the trial court determines, following a trial on remand, that the parties entered into an agreement to arbitrate does the applicability of the doctrine of laches become an issue. Accordingly, whether the

doctrine of laches should be applied to the case sub judice is not yet ripe for determination.

{¶ 43} State Farm's third assignment of error is overruled.

{¶ 44} For the foregoing reasons, the judgment of the Court of Common Pleas, Cuyahoga County, Ohio, is hereby affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this opinion.

Judgment accordingly.

FARMER, P.J., and BOGGINS, J., concur.

SHEILA G. FARMER, JOHN W. WISE, and JOHN F. BOGGINS, JJ., of the Fifth Appellate District, sitting by assignment.