This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Marcus Butler ("Marcus"), Maurice Butler ("Maurice"), and Wanda Butler ("Wanda"), appeal from the decision of the Summit County Court of Common Pleas that dismissed their action with prejudice. Appellants also appeal the decision of the Summit County Court of Common Pleas, which granted Akron General Medical Center's ("Akron General") motion for summary judgment. We affirm in part and reverse in part.
{¶ 2} This case originated in 1997. Specifically, on January 24, 1997, Appellants filed their initial complaint; however, Appellants voluntarily dismissed this complaint without prejudice pursuant to Civ.R. 41(A)(1)(a) on April 20, 1998. Subsequently, Appellants re-filed their complaint on April 8, 1999, but later stipulated to voluntarily dismiss the complaint without prejudice, in accordance with Civ.R. 41(A)(1)(b). On December 18, 2000, Appellants again re-filed their complaint and named Dr. Adolph Harper, Jr. ("Harper"), Adolph Harper, Jr., M.D., Inc., Akron General, Anesthesia Associates of Akron ("Anesthesia Associates"), Dr. Kirk ("Kirk"), and the Ohio Department of Human Services ("ODHS") as defendants. Their complaint asserted the following: (1) a claim for medical malpractice; (2) a claim for loss of consortium; (3) a claim to defeat ODHS' subrogation rights; and (4) a claim for vicarious liability under the doctrine of agency by estoppel. Thereafter, Appellants voluntarily dismissed Kirk and Anesthesia Associates as defendants, and ODHS assigned its subrogation rights to Appellants. Akron General later moved for summary judgment, and the trial court granted its motion. Then, on April 9, 2002, the parties, in compliance with Civ.R. 41(A)(1)(b), stipulated to dismiss the case without prejudice. However, the trial court found the parties' stipulation invalid and ordered that it be stricken from the record. The trial court additionally dismissed their case with prejudice for failure to prosecute employing Civ.R. 41(B)(1).[1] Appellants timely appeal and raise two assignments of error for review.
 ASSIGNMENT OF ERROR I {¶ 3} "The trial court erred in vacating the stipulated dismissal of the parties and dismissing the case with prejudice."
{¶ 4} In their first assignment of error, Appellants contend that the trial court erroneously vacated the parties' stipulated dismissal and dismissed their case with prejudice for want of prosecution.
{¶ 5} A trial court's decision to dismiss an action for failure to prosecute is governed by Civ.R. 41(B)(1). Specifically, Civ.R. 41(B)(1) provides:
 {¶ 6} "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."
{¶ 7} An appellate court will not reverse a trial court's decision to dismiss an action pursuant to Civ.R. 41(B)(1) absent an abuse of discretion. Ina v. George Fraam Sons, Inc. (1993),85 Ohio App.3d 229, 231. In Jones v. Hartranft (1997), 78 Ohio St.3d 368,372, the Ohio Supreme Court noted that the abuse of discretion standard is heightened when reviewing a trial court's dismissal pursuant to Civ.R. 41(B)(1), as this dismissal forever denies a plaintiff review of the merits of his claim. Consequently, an appellate court will find that a trial court abused its discretion if it has dismissed a case for failure to prosecute and clearly failed to consider other less drastic measures. Ina, 85 Ohio App.3d at 231. Although the law prefers deciding cases on their merits, if a party's conduct is "so negligent, irresponsible, contumacious or dilatory" it "provide[s] substantial grounds for a dismissal * * * for a failure to prosecute[.]" Schreinerv. Karson (1977), 52 Ohio App.2d 219, 223.
{¶ 8} In the instant case, the parties stipulated to dismiss the case without prejudice. However, the trial court struck the stipulated dismissal and dismissed Appellants' case with prejudice because it found that Appellants had failed to prosecute their claims. Specifically, the trial court identified the following reasons to support its decision to dismiss: (1) Appellants' action was time-barred because they had previously exercised their rights under the "savings statute" to re-file their complaint in 1999 and, therefore, cannot use this statute again; (2) the matter had been set for trial for almost a year; (3) Appellants' continuance was denied; (4) a jury venire was ordered; (5) a visiting judge had been assigned; and (6) the courtroom, judicial staff, and court reporter were awaiting trial. To facilitate review, we will separately address the trial court's use of the "savings statute" to support its decision and jointly address the trial court's remaining reasons.
 The "Savings Statute"
{¶ 9} The "savings statute," which is found in R.C. 2305.19, states in relevant part:
 {¶ 10} "In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date."
{¶ 11} The "savings statute" applies only when a plaintiff's claim is timely commenced and then dismissed without prejudice after the statute of limitations on the plaintiff's claim has run. Lewis v. Connor
(1985), 21 Ohio St.3d 1, 4. See, also, Motorists Mut. Ins. Co. v. HuronRd. Hosp. (1995), 73 Ohio St.3d 391, 396. As such, the "savings statute" provides a plaintiff with an opportunity to assert the claim following the expiration of the applicable statute of limitations when the initial action fails "otherwise than upon the merits." Mihalcin v. HockingCollege (Mar. 20, 2000), 4th Dist. No. 99CA32. However, a plaintiff may only use the "savings statute" once to re-file a case. See, e.g., Estateof Carlson v. Tippett (1997), 122 Ohio App.3d 489, 491; Nagy v.Patterson (Nov. 9, 1994), 9th Dist. No. 94CA005837, at 3; Gailey v.Murphy (Feb. 24, 1993), 9th Dist. No. 15805, at 3-4; Koslen v. Am. RedCross (Sept. 4, 1997), 8th Dist. No. 71733. An action may fail "otherwise than upon the merits" when a plaintiff dismisses his or her claim via Civ.R. 41(A)(1). Ison v. State Farm Mut. Auto. Ins. Co.,148 Ohio App.3d 465, 2002-Ohio-3762, at ¶ 26. See, also, Frysingerv. Leech (1987), 32 Ohio St.3d 38, paragraph two of the syllabus.
{¶ 12} Civ.R. 41(A) provides in relevant part:
 {¶ 13} "(1) [A] plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either * * *:
 {¶ 14} "(a) filing a notice of dismissal at any time before the commencement of trial[;]
 {¶ 15} "(b) filing a stipulation of dismissal signed by all parties who have appeared in the action.
 {¶ 16} "Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court."
{¶ 17} A dismissal "without prejudice" indicates that it has no res judicata effect; therefore, a plaintiff is permitted to re-file the claim because the claim was not dismissed upon the merits. See Chadwickv. Barba Lou, Inc. (1982), 69 Ohio St.2d 222, 226; Frysinger,32 Ohio St.3d 38 at paragraph two of the syllabus. Although a dismissal "without prejudice" does not invoke res judicata, it nonetheless carries practical consequences. Specifically, the dismissal leaves a plaintiff in the same position as if he had never commenced the action. Central Mut.Ins. Co. v. Bradford-White Co. (1987), 35 Ohio App.3d 26, 28; Van Am.Ins. Co. v. Schiappa (Apr. 29, 1999), 7th Dist. Nos. 97-JE-42 and 97-JE-46. Civ.R. 41(A) does not expand the applicable statute of limitations; accordingly, a plaintiff may re-file his complaint following a Civ.R. 41(A) dismissal "provided the statute of limitations has not expired[.]" McCann v. Lakewood (1994), 95 Ohio App.3d 226, 231; Branscomv. Birtcher (1988), 55 Ohio App.3d 242, 243. See, also, Lohrenzen v.Brown (1998), 129 Ohio App.3d 770, 774. Hence, while a dismissal may technically be "without prejudice," the plaintiff's claim may nevertheless be time-barred unless the action is preserved through operation of the "savings statute." McCann, 95 Ohio App.3d at 231.
{¶ 18} To determine the applicability of the "savings statute," it is necessary to focus on the claims asserted by Marcus and Maurice together and Wanda's claim individually.
 Marcus and Maurice
{¶ 19} The record indicates that Marcus and Maurice were twelve years old when they re-filed the complaint on December 18, 2000. As such, both Marcus and Maurice were minors at the time of the re-filing. See R.C. 3109.01 (stating that a person reaches the age of majority when he or she becomes eighteen years of age). Under Ohio law, if a person is a minor at the time the cause of action accrues, the applicable statute of limitations is tolled or suspended until such person reaches the age of majority. R.C. 2305.16. An action for medical malpractice, under R.C.2305.11(A), accrues and the statute of limitations is initiated "(a) when the patient discovers or, in the exercise of reasonable care and diligence should have discovered, the resulting injury, or (b) when the physician-patient relationship for that condition terminates, whichever occurs later." (Emphasis sic.) Frysinger, 32 Ohio St.3d at 41-42. Further, R.C. 2305.11 subjects medical claims and derivative claims arising out of medical claims to a one-year statute of limitations period. Shadler v. Purdy (1989), 64 Ohio App.3d 98, 104.
{¶ 20} After discovering that Marcus's injuries were a result of medical malpractice on August 6, 1996, Appellants commenced their action on January 24, 1997. We find that the "savings statute" is inapplicable to the claims asserted by Marcus and Maurice because the "savings statute" requires a complaint to be re-filed after the statute of limitations has run. See Lewis, 21 Ohio St.3d at 4; Motorists Mut. Ins.Co., 73 Ohio St.3d at 396. As the statute of limitations is tolled or suspended until Marcus and Maurice reach the age of majority, their re-filed complaint was not re-filed beyond the applicable time limitations outlined by the statute. See R.C. 2305.16. Furthermore, Civ.R. 41(A)(1)(b) does not limit the number of stipulated dismissals that can be filed in a particular case. Although the rule does not place a limit on the number of stipulated dismissals, the adverse party can prevent multiple dismissals by declining to stipulate. Frysinger,32 Ohio St.3d at 43. We find that the complaint was properly dismissed without prejudice according to Civ.R. 41(A)(1)(b), as "all parties who have appeared in the action" signed the filed stipulation of dismissal. See Civ.R. 41(A)(1)(b). Consequently, the trial court abused its discretion in dismissing the complaint of Marcus and Maurice with prejudice because their action was not time-barred and the voluntary dismissal was duly executed. Accordingly, we sustain Appellants' first assignment of error as it relates to Marcus and Maurice.
 Wanda
{¶ 21} We now turn to Wanda's claim for loss of consortium. The statute of limitations for a parent's loss of consortium claim commences at the same time the statute of limitations for the child's medical malpractice claim begins to run, which is the date the medical malpractice cause of action accrues. See Zweigart v. Pasquale (May 16, 1988), 12th Dist. No. CA87-11-015. See, also, Hershberger v. Akron CityHosp. (1987), 34 Ohio St.3d 1, paragraph two of the syllabus (holding that spouse's loss of consortium claim begins to run at the same time that statute of limitations for spouse's medical malpractice claim begins to run). In spite of this, a parent's derivative action for loss of consortium is separate and distinct from the minor child's action for his personal injuries and, therefore, the child's minority does not toll the applicable statute of limitations. Seguin v. Gallo (1985),21 Ohio App.3d 163, 164-65; Zweigart, supra (stating that a claim for loss of consortium by a parent, who is of majority age and not under a disability, is not tolled during his or her child's minority).
{¶ 22} Upon a review of the record, we find that Wanda initiated her claim within the prescribed one-year timeframe and dismissed the complaint without prejudice after the statute of limitations on her claim had run. Accordingly, the "savings statute" applies to the facts as they relate to Wanda, and provides Wanda with an opportunity to re-file her complaint despite the expiration of the statute of limitations. On April 8, 1999, Wanda seized this opportunity and re-filed her complaint; however, she again dismissed the complaint without prejudice. Wanda, again, re-filed the complaint, but her action was time-barred because it was filed outside the applicable statute of limitations and the "savings statute" was now unavailable. See Estate of Carlson,122 Ohio App.3d at 491; Nagy, supra, at 3-4; Gailey, supra, at 3-4; Koslen, supra. Therefore, as it relates to Wanda, we hold that the trial court did not abuse its discretion in finding that the complaint was time-barred and thereby dismissing the complaint with prejudice. Consequently, we overrule Appellants' assignment of error as it pertains to Wanda.
 Alternative Grounds for Dismissal
{¶ 23} Notwithstanding the other grounds the trial court stated to validate its dismissal with prejudice, we find that the record is devoid of evidence demonstrating that the trial court clearly considered less drastic measures prior to entering its judgment of dismissal. See Ina,85 Ohio App.3d at 231. Thus, we cannot say that the trial court did not abuse its discretion. See id.
{¶ 24} Appellants' first assignment of error is overruled in part and sustained in part.
 ASSIGNMENT OF ERROR II {¶ 25} "The trial court erred in granting summary judgment to Appellee[,] Akron General Medical Center[.]"
{¶ 26} In their second assignment of error, Appellants aver that the trial court erroneously granted summary judgment in favor of Akron General on the grounds that Appellants failed to establish the requisite standard of care in their response to the motion because Akron General never specifically raised that issue in its motion for summary judgment; as such, Appellants were not required to address that issue in their response to Akron General's motion. Additionally, Appellants aver that a genuine issue of material fact exists as to whether Akron General is vicariously liable under the doctrine of agency by estoppel for the actions of Harper and, consequently, the trial court erred in granting summary judgment to Akron General as it relates to this claim. As the trial court granted summary judgment to Akron General on Appellants' claim for medical malpractice and for vicarious liability, we will review each of these decisions independently.
{¶ 27} Pursuant to Civ.R. 56(C), summary judgment is appropriate when: "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. To succeed on a summary judgment motion, the movant "bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic.) Dresher v. Burt (1996), 75 Ohio St.3d 280,292. See, also, Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 114, citingCelotex v. Catrett (1986), 477 U.S. 317, 323, 91 L.Ed.2d 265 (stating that moving party must specifically state which areas of opponent's claim raise no issue of material fact). If the movant satisfies this burden, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." Id. at 293, quoting Civ.R. 56(E). An appellate court reviews a lower court's entry of summary judgment applying the de novo standard, thereby employing the same standard used by the trial court. See Klingshirn v. Westview Concrete Corp. (1996),113 Ohio App.3d 178, 180.
 Medical Malpractice Claim
{¶ 28} In the instant case, the trial court granted summary judgment in favor of Akron General because it determined that Appellants failed to establish the requisite standard of care to support their medical malpractice claim and, consequently, no genuine issue of material fact existed as to this element.[2] However, upon a review of the record, we note that Akron General never contended in its motion for summary judgment that there was no genuine issue of material fact regarding the standard of care element of Appellants' medical malpractice claim. Rather, Akron General based its motion on the lack of a genuine issue of material fact as to the causation element of an action for medical malpractice. Thus, as Akron General never raised Appellants' failure to establish the requisite standard of care as a basis for summary judgment, Appellants were not put on notice that they needed to present such evidence, and the trial court erroneously granted summary judgment in favor of Akron General on this basis. See DePugh v. Sladoje
(1996), 111 Ohio App.3d 675, 681-82 (finding that trial court erred in granting summary judgment on a basis not raised in motion because opposing party was not notified of the need to present such evidence);Mayfield v. Boy Scouts of Am. (1994), 95 Ohio App.3d 655, 663 (holding that trial court improperly granted summary judgment on an issue not raised or argued); Kuhens v. Weaver (Apr. 5, 1996), 7th Dist. No. 643. Consequently, Appellants' assignment of error as it concerns the trial court's decision granting Akron General's motion for summary judgment on the medical malpractice claim is sustained.
 Vicarious Liability Claim
{¶ 29} We now turn to Appellants' assertion that Akron General is vicariously liable under the doctrine of agency by estoppel. Initially we note that although the record contains references to Appellants' response to Akron General's motion for summary judgment, the record does not contain the actual response. Moreover, the transcript of docket and journal entries does not include an entry indicating that Appellants' response was filed with the trial court. Nevertheless, we must still determine whether Akron General's motion demonstrated the nonexistence of a genuine issue of material fact as to the agency by estoppel claim sufficient to warrant a judgment in its favor.
{¶ 30} In determining whether a hospital can be found vicariously liable, the Ohio Supreme Court stated in Clark v. Southview Hosp. Family Health Ctr. (1994), 68 Ohio St.3d 435, syllabus, that: "[a] hospital may be held liable under the doctrine of agency by estoppel for the negligence of independent medical practitioners practicing in the hospital when: (1) it holds itself out to the public as a provider of medical services; and (2) in the absence of notice or knowledge to the contrary, the patient looks to the hospital, as opposed to the individual practitioner, to provide competent medical care." (Citation omitted.) Unless the hospital demonstrates that the patient merely viewed the hospital as the situs where his doctor would treat him, the patient can assume and expect that the treatment he receives was through hospital employees and any negligence associated with this treatment would render the hospital liable. Id. at 445.
{¶ 31} The trial court found that Appellants were unable to establish the second prong of the Clark test and granted summary judgment on that basis. The submitted evidence demonstrates that Harper was affiliated with Akron General. Furthermore, the evidence indicates that Wanda had a prior physician-patient relationship with Harper; specifically, Wanda sought Harper's care for an earlier pregnancy. Subsequently, when Wanda became pregnant with Marcus and Maurice she again contacted Harper for treatment. Wanda explained that she "switched" to Harper because he practiced at Akron General and she preferred to have her babies delivered at that hospital. However, during the course of her pregnancy with Marcus and Maurice, Wanda acknowledged that she looked to Harper for instructions and complied with his instructions. Therefore, upon the evidence submitted, we find that Wanda did not look to Akron General, as opposed to Harper, to provide her with competent medical care. See id. at syllabus. Rather, Wanda viewed Akron General as the situs where Harper would treat her during the delivery of Marcus and Maurice. See id. at 445. Accordingly, as a genuine issue of material fact did not exist as to the second prong of the Clark test, we find that the trial court properly granted summary judgment in favor of Akron General. Consequently, this portion of Appellants' second assignment of error is overruled.
{¶ 32} Appellants' first assignment of error is overruled in part and sustained in part, and their second assignment of error is overruled in part and sustained in part. The decision of the Summit County Court of Common Pleas, which dismissed Appellants' complaint with prejudice is affirmed in part and reversed in part. The decision of the Summit County Court of Common Pleas, which granted summary judgment in favor of Akron General, is affirmed in part and reversed in part.
BAIRD, J., WHITMORE, J. CONCUR.
[1] The remaining claims, which are at issue in the instant appeal, are as follows: (1) Marcus's claim for medical malpractice; and (2) Maurice and Wanda's claim for loss of consortium.
[2] In order to establish a cause of action for medical malpractice, a plaintiff must prove by a preponderance of the evidence the following: (1) the standard of care recognized by the medical community; (2) the failure of the defendant to meet the requisite standard of care; and (3) a direct causal connection between the medically negligent act and the injury sustained. Bruni v. Tatsumi (1976), 46 Ohio St.2d 127, paragraph one of the syllabus.