JOURNAL ENTRY AND OPINION.
{¶ 1} Defendants-appellants, Affordable Inspection Service and Chuck Yesberger[1] (collectively, "AIS") appeal the trial court's denying their joint Motion to Dismiss or Stay and Compel Arbitration, filed on August 6, 2002.
 {¶ 2} In July 2001, plaintiffs-appellees, Timothy and Michelle McDonough, filed an amended complaint ("complaint") against AIS and defendants-appellees, Gary and Sandra Thompson. The complaint asserted against all of the defendants a variety of claims including breach of contract, fraud, and negligence.
 {¶ 3} The complaint alleges that the house the McDonoughs purchased from the Thompsons in 1999 contained structural defects the Thompsons failed to disclose prior to the sale. The complaint describes structural and water damage the McDonoughs discovered only after they began living in the house. These defects, they assert, should have been not only disclosed by the Thompsons but also discovered by AIS, whom they hired to perform a home inspection before they purchased the property.
 {¶ 4} The McDonoughs' claims against AIS include allegations that its inspection services were inferior, fraudulent, and in breach of a written contract between the parties.[2] Pertinent to this appeal is a portion of that contract which, in part, states: "THE INSPECTOR'S LIABILITY FOR MISTAKES OR OMISSIONS IN THIS INSPECTION REPORT IS LIMITED TO A REFUND OF THE FEE PAID FOR THIS INSPECTION AND REPORT. * * * The Client assumes the risk of all losses greater than the fee paid for the inspection. The Client agrees to immediately accept a refund of the fee as full settlement of any and all claims, which may ever arise from this inspection. * * *
 {¶ 5} "Any dispute, controversy, interpretation or claim including claims for, but not limited to, breach of contract, any form of negligence, fraud or misrepresentation arising out of, from or related to, this contract or arising out of, from or related to the inspection or inspection report shall be submitted to final and binding arbitration * * *." It is undisputed the McDonoughs paid $169.00 for AIS's inspection and report.
 {¶ 6} AIS filed a Motion to Dismiss or Stay and Compel Arbitration in which it argued that all McDonough's claims against it had to be submitted to binding arbitration per the contract. Without a hearing, the trial court denied AIS's motion and, agreeing with the McDonoughs' argument, the court stated that the "arbitration provision in the instant case is unconscionable and unenforceable as a matter of law."
 {¶ 7} AIS appeals the trial court's order and presents one assignment of error for our review: "THE TRIAL COURT ERRED BY REFUSING TO ENFORCE THE ARBITRATION CLAUSE IN THE WRITTEN CONTRACT BETWEEN THE PARTIES."
 {¶ 8} AIS maintains the trial court erred by denying its motion and thereby refusing to stay the case and refer it to arbitration pursuant to R.C. 2711.02 et seq.
 {¶ 9} The Ohio Arbitration Act is set forth in R.C. Chapter 2711. R.C. 2711.02 states, in part, as follows:
"If any action is brought upon any issue referable to arbitration underan agreement in writing for arbitration, the court in which the action ispending, upon being satisfied that the issue involved in the action isreferable to arbitration under an agreement in writing for arbitration,shall on application of one of the parties stay the trial of the actionuntil the arbitration of the issue has been had in accordance with theagreement * * *."
 {¶ 10} In part, R.C. 2711.03 states:
"The party aggrieved by the alleged failure of another to perform undera written agreement for arbitration may petition any court of commonpleas having jurisdiction of the party so failing to perform for an orderdirecting that such arbitration proceed in the manner provided for insuch agreement. * * * The court shall hear the parties, and upon beingsatisfied that the making of the agreement for arbitration or the failureto comply therewith is not in issue, the court shall make an orderdirecting the parties to proceed to arbitration in accordance with theagreement. If the making of the arbitration agreement or the failure toperform it is in issue, the court shall proceed summarily to the trialthereof. (Emphasis added.)"
 {¶ 11} R.C. 2711.03 clearly provides that when the validity of the arbitration clause is itself at issue the trial court is required to conduct a hearing to determine the legitimacy of the arbitration clause being challenged. Consistent with the statute, this court has repeatedly held that the trial court must conduct a hearing when the validity of an arbitration clause is in dispute. Herman v. Ganley Chevrolet, Inc., Cuyahoga App. Nos. 81143 and 81272, 2002-Ohio-7251; Maestle v. Best BuyCo., Cuyahoga App. No. 79827, 2002-Ohio-3769; Poling v. American SuzukiMotor Corp. and Ganley, Inc. (Sept. 13, 2001) Cuyahoga App. No. 78577;Dunn v. L M Building, Inc. (Mar. 25, 1999), Cuyahoga App. No. 75203. See, Ritchie's Food Distributor, Inc. v. Refrigerated ConstructionServices, Inc., Pike App. No. 02CA683, 2002-Ohio-3763.
 {¶ 12} Even though R.C. 2711.03 does not necessarily require the trial court to conduct a trial, it must, nonetheless, proceed summarily to trial when it finds that the validity of the arbitration agreement is in issue and the party challenging it has sufficient evidence supporting its claim.
 {¶ 13} "[W]hen determining whether a trial is necessary under R.C. 2711.03, the relevant inquiry is whether a party has presented sufficient evidence challenging the validity or enforceability of the arbitration provision to require the trial court to proceed to trial before refusing to enforce the arbitration clause." Garcia v. WayneHomes, LLC, Clark App. No. 2001 CA 53, 2002-Ohio-1884, 2002-Ohio-App. LEXIS 1917, at *20-21.
 {¶ 14} Revised Code Chapter 2711 does not set forth the amount of evidence that must be produced to receive a trial under R.C. 2711.03. However, "* * * courts are directed to address the matter as they would a summary judgment exercise, proceeding to trial where the party moving for the jury trial sets forth specific facts demonstrating that a genuine issue of material fact exists regarding the validity or enforceability of the arbitration agreement." Garcia, supra.
 {¶ 15} In Schroeder v. Shearson, Lehman Hutton, Inc., (Apr. 25, 1991), Cuyahoga App. No. 60236, 1991 Ohio App. LEXIS 1826, this court held "where the existence of an arbitration agreement is in issue, a trial on the issue is required" because a question of fact exists which can only be resolved by such a proceeding. Id., at *6; Ison v. State FarmMut. Auto. Ins. Co., 148 Ohio App.3d 465, 2002-Ohio-3762, 773 N.E.2d 1101.
 {¶ 16} In the instant case, no one objected to the trial court's failure to conduct a hearing on the arbitration issue. This court, however, can consider errors, otherwise waived, under the plain error doctrine. "In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." Intrater v. VanCauwenberghe (Dec. 6, 2001), Cuyahoga App. No. 78259, 2001-Ohio-App. LEXIS 5422, at ¶ 59 quoting Goldfuss v. Davidson (1997),79 Ohio St.3d 116, 679 N.E.2d 1099, at syllabus. For the reasons that follow, we find this case to be one of those rare instances of plain error in a civil action.
 {¶ 17} The McDonoughs claim that the arbitration provision is unenforceable because no agreement to arbitrate had ever been created. In its motion to stay the case and to compel arbitration, AIS argued, as a matter of law, that the arbitration clause in its agreement with the McDonoughs had to be enforced. These arguments go to the heart of whether the McDonoughs and AIS ever agreed to arbitrate.
 {¶ 18} Without sufficient evidence of an enforceable agreement to arbitrate disputed claims, a trial court has "no alternative but to deny the motion and proceed with litigation." ACRS Inc. v. Blue Cross Blue Shield (1988), 131 Ohio App.3d 450, 457, 722 N.E.2d 1040. Wishnoskyv. Star-Lite Bldg. Dev. Co., (Sept. 7, 2000), Cuyahoga App. No. 77245, 2000-Ohio-App. LEXIS 4081, at *12; Neubauer v. Household Fin.Corp., Cuyahoga App. No. 81451, 2002-Ohio-6831.
 {¶ 19} In the case at bar, neither AIS nor the McDonoughs have properly authenticated the document they both claim is the written contract containing the arbitration provision. Furthermore, the McDonoughs have not provided an affidavit or other evidence to substantiate their assertions. On the other hand, AIS has not challenged their failure to provide an affidavit and does not offer any rebuttal argument or evidence to rebut these claims.
 {¶ 20} Given the state of the record before this court, there remain factual and evidentiary questions of whether the parties agreed to arbitrate their disputes. These questions can be resolved only at a hearing on AIS's motion to stay. Accordingly, the trial court erred in denying AIS's motion to stay or to compel arbitration without the court conducting the hearing required by R.C. 2711.03 and by this court's prior precedent. The trial court should have conducted a hearing and allowed the parties to present evidence in support of their respective positions on the issue of arbitration.
 {¶ 21} For the foregoing reasons, the judgment of the trial court is reversed and this matter remanded for proceedings consistent with this opinion.
 {¶ 22} This cause is reversed and remanded.
 {¶ 23} It is, therefore, ordered that appellants recover of appellees their costs herein taxed.
 {¶ 24} It is ordered that a special mandate be sent to said court to carry this judgment into execution.
 {¶ 25} A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., P.J., concurs in judgment only.
ANTHONY O. CALABRESE, JR., J., concurs.
[1] Mr. Yesberger is an agent of AIS.
[2] The Thompsons, however, are not parties to the contract between plaintiffs and AIS.