ESTATE OF CARLSON et al., Appellants,

v.

TIPPETT et al., Appellees.

[Cite as *Estate of Carlson v. Tippett* (1997), 122 Ohio App.3d 489.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 96–L–179.

Decided Sept. 2, 1997.

*Miller, Stillman & Bartel, Willard E. Bartel* and *Wendy S. Lewis,* for appellants.

*Cheryl O'Brien* and *Douglas G. Leak,* for appellees.

FORD, Presiding Judge.

This is an accelerated calendar appeal from the Lake County Court of Common Pleas. Appellants, the estate of Karen L. Carlson and its administrator, Richard L. Jenkins, appeal from the trial court's granting of the motion to dismiss of appellees, Peter Tippett, M.D., and Lake Emergency Services, Inc.

Carlson was treated at the emergency room of Lake Hospital System on February 28, 1988, and died of myocardial infarction the following day. On February 16, 1990, Jenkins filed his initial complaint, as administrator, against defendants Tippett, E.M. Glorioso, M.D., Arthur C. Martin, M.D., Lake Emergency Services, Inc., and Lake Hospital System, Inc., alleging medical malpractice and wrongful death.[1] Pursuant to Civ.R. 41(A)(1), Jenkins voluntarily dismissed the case without prejudice on November 13, 1992.

Jenkins filed a second complaint alleging medical malpractice and wrongful death against Tippett and Lake Emergency Services on February 1, 1993.[2] The case was set for trial on November 14, 1994, but Jenkins failed to appear. Appellees' counsel moved the trial court to dismiss the cause for failure to prosecute pursuant to Civ.R. 41(B)(1).[3] The trial court granted appellees' motion on the same date, noting that the dismissal was other than on the merits.

Jenkins then filed a third complaint on December 1, 1994, again alleging medical malpractice and wrongful death. The trial court granted appellees' motion to dismiss in a judgment entry filed on October 1, 1996. Appellants timely appealed and raise a single assignment of error:

"The trial court erred in granting the motion to dismiss/motion for summary judgment of [appellees], Peter Tippett, M.D., and Lake Emergency Services, Inc., in that [R.C.] 2305.19 does not specifically limit a plaintiff to one opportunity for refiling a complaint regardless of whether the second refiling is outside the statute of limitations."

Appellants argue that R.C. 2305.19 "permits a Plaintiff to refile a Complaint a second time as long as initial Complaints were dismissed without prejudice and/or not decided upon the merits." This assertion is not well founded.

R.C. 2305.19, the saving statute, provides:

"In an action commenced, or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of the reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date."

---

1. Lake County Court of Common Pleas case No. 90 CV 0218.

2. Lake County Court of Common Pleas case No. 93 CV 000166.

3. Appellant states in his affidavit dated October 6, 1993, that "[p]ursuant to the discussion which took place in chambers, [he] was under the impression that [the] matter could be refiled under [Civ.R.] 41(B)(1)." However, the record does not contain anything to corroborate this averment.

The critical issue, as noted by the trial court, is "whether R.C. 2305.19, Ohio's savings statute, can be used more than once to salvage a case which is otherwise barred by the statute of limitations." This court has stated that "[i]t is therefore clear under Ohio law that R.C. 2305.19, the savings statute, operates to give a plaintiff one year to commence a new action subsequent to a Civ.R. 41 dismissal without prejudice if the statute of limitations has run, as long as the action has not failed on its merits." *Siket v. L.K. Comstock & Co.* (Sept. 30, 1987), Lake App. No. 12–080, unreported, at 2, 1987 WL 18006.

In *Hancock v. Kroger Co.* (1995), 103 Ohio App.3d 266, 268–269, 659 N.E.2d 336, 338, the Tenth District Court of Appeals held:

"[A] recent line of cases from the Ninth District Court of Appeals has articulated that the saving statute can be used only once to invoke an additional one-year time period in which to refile an action. See *Nagy v. Patterson* (Nov. 9, 1994), Lorain App. No. 94CA005837, unreported, 1994 WL 619797; and *Gailey v. Murphy* (Feb. 24, 1993), Summit App. No. 15805, unreported, 1993 WL 46647. Those cases hold that a case may only be extended by virtue of R.C. 2305.19 for one year after the initially filed action fails otherwise than upon the merits. The Eighth Appellate District joined in this reasoning in *Seawright v. Zabell* (Apr. 27, 1989), Cuyahoga App. No. 55232, unreported, 1989 WL 42251. We agree with the holdings of the Eighth and Ninth Appellate Districts."

In a decision rendered on July 16, 1997, the Supreme Court of Ohio stated that "the savings statute can be used only once to refile a case. *Hancock* * * *; *Iglodi v. Montz* (Aug. 4, 1995), Cuyahoga App. No. 68621, unreported, 1995 WL 516609." *Thomas v. Freeman* (1997), 79 Ohio St.3d 221, 227, 680 N.E.2d 997, 1002. The court in *Seawright* opined that "[t]he statute may not be relied upon to indefinitely keep a cause of action alive." *Id.* at 2, 1989 WL 42251. Thus, appellants' third complaint was properly disallowed by the trial court because appellants had already used the saving statute's remedial provision once to refile their case.

Under facts similar to those in the case *sub judice*, the *Nagy* court stated:

"We find that the trial court correctly granted summary judgment for the [a]ppellees. As in *Gailey*, the Nagys did not bring their third complaint within the one-year time limit established by R.C. 2305.19. Their second complaint was brought after the statute of limitations had expired by employing the savings statute. Upon dismissal of that second complaint, the Nagys are not granted another year under the savings statute because the action sought to be refiled, the second complaint, was not commenced within the time allowed by the statute of limitations. Therefore, refiling of the second complaint as the third complaint does not qualify under R.C. 2305.19." *Id.* at 2, 1994 WL 619797.

In the instant cause, appellants' action failed otherwise than on the merits on November 13, 1992. Consequently, the saving statute expired one year from that date on November 13, 1993. Appellants' third complaint was filed on December 1, 1994, more than one year after the saving statute had expired. Since appellants' third attempt to refile this action was outside the time permitted by the saving statute, one year from the first dismissal, the saving statute does not apply. Additionally, appellants' third action is barred by the statute of limitations in R.C. 2305.11(B)(1) and 2125.02(D).

Appellants argue that the nature of the dismissals here is an important factor, *i.e.*, a voluntary dismissal by the plaintiff, followed by an involuntary dismissal by the trial court. However, as cogently noted by the trial court, "[w]hile the second complaint was involuntarily dismissed, the prohibition against refiling outside the grace period of one year is not premised upon the nature of the dismissal. See, *Seawright* * * *."

Accordingly, the trial court properly granted appellees' motion to dismiss. Appellants' assignment of error is without merit. The judgment of the trial court is affirmed.

*Judgment affirmed.*

CHRISTLEY and NADER, JJ., concur.