DECISION AND JUDGMENT ENTRY
{¶ 1} Appellants appeal the judgment of the Lucas County Court of Common Pleas granting the appellees' Civ.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction. For the following reasons, we affirm.
 {¶ 2} Appellants filed a complaint against, inter alia, Hammersly, M.D., Hai, M.D., and Salvi, M.D.[1] of the Medical University of Ohio for medical malpractice. Citing R.C.9.86, appellees asserted immunity from individual suits because they were employed by a state hospital and were acting within the scope of employment. Appellees further urged that R.C. 2743.02(F) conferred upon the Court of Claims of Ohio exclusive jurisdiction to determine whether a state employee was acting within the scope of employment (and thus not immune from suit). The trial court granted appellees' motion to dismiss, finding that R.C. 9.86
"leaves exclusive jurisdiction of such a dispute to the Court of Claims." The judgment specifically referenced appellees' motion as a "motion to dismiss for lack of subject matter jurisdiction" and as a "Civ.R. 12(B)(1) motion to dismiss," but did not specify whether the dismissal was with prejudice.
 {¶ 3} Appellants' brief for this appeal did not identify any assignments of error as required by App.R. 16(A)(3). However, we infer from the brief's statement of the issues that appellants do not contend that the dismissal pursuant to Civ.R. 12(B)(1) was improper, but only contend that the trial court should have specified whether the dismissal was with prejudice.
 {¶ 4} We review de novo a ruling in a Civ.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction. Hull v.Columbia Gas of Ohio, 160 Ohio App.3d 695, 2005-Ohio-2089, at ¶11.
 {¶ 5} Civ.R. 41(B) provides:
 {¶ 6} "* * *
 {¶ 7} "(3) Adjudication on the merits; exception. A dismissal under division (B) of this rule and any dismissal not provided for in this rule, except as provided in division (B)(4) of thisrule, operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies.
 {¶ 8} "(4) Failure other than on the merits. A dismissal for either of the following reasons shall operate as a failureotherwise than on the merits:
 {¶ 9} "(a) lack of jurisdiction over the person or thesubject matter;
 {¶ 10} "* * *." (Emphasis added.) Civ.R. 41(B)(3)-(4).
 {¶ 11} This rule states clearly that a dismissal for lack of subject matter jurisdiction is never an adjudication on the merits and does not bar a party from re-filing a claim in the proper court. In fact, Civ.R. 41(B)(4) does not give the trial court discretion to dismiss "with prejudice," rendering the phrase superfluous. If the trial court had such discretion, the rule would include the language "unless the court * * * otherwise specifies" as in Civ.R. 41(B)(3).
 {¶ 12} The trial court's judgment entry states that it was granting a "motion to dismiss for lack of subject matter jurisdiction" and a "Civ.R. 12(B)(1) motion to dismiss." There cannot be any confusion as to what type of motion was being decided. Because Civ.R. 41(B)(4) states that a dismissal for lack of subject matter jurisdiction is not an adjudication on the merits, we find that the trial court did not err by failing to so specify. Thus, appellants' argument is found not well-taken.
 {¶ 13} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J. Singer, P.J. Skow, J. concur.
[1] Other appellees were Frogameni, M.D., Saddemi, M.D., Toledo Orthopaedic Surgeons, Inc., and McClung, M.D.