DARGART, Appellant,

v.

OHIO DEPARTMENT OF TRANSPORTATION, Appellee.

[Cite as *Dargart v. Ohio Dept. of Transp.*, 171 Ohio App.3d 439, 2006-Ohio-6179.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–06–019.

Decided Nov. 22, 2006.

440

Terry J. Lodge, for appellant.

Jim Petro, Attorney General, and Jack W. Decker and Julie M. Pfeiffer, Assistant Attorneys General, for appellee.

———

HANDWORK, Judge.

{¶ 1} In this appeal from the Wood County Court of Common Pleas, we are asked to determine whether the trial court erred in dismissing appellant's complaint for lack of subject-matter jurisdiction.

{¶ 2} On October 12, 2005, appellant, Larry R. Dargart, filed a complaint in the common pleas court asserting a claim against appellee, the Ohio Department of Transportation ("ODOT") under R.C. 4113.52, the Ohio Whistleblower Statute. Appellant alleged that he worked for ODOT for approximately 35 years and, as of the year 1999, was the Business and Human Resource Administrator at ODOT's Bowling Green office.

{¶ 3} The following facts are taken from appellant's complaint. On June 15, 1999, appellant verbally advised ODOT's chief legal counsel, Lisa Conomy, of possibly illegal acts that had occurred in the workplace. In a later written report, he contended that Richard Martinko, appellant's supervisor and Acting Deputy Director, and a second county transportation administrator had submitted falsified time sheets charging "state time to personal campaign activities." Appellant also alleged that Martinko may have "falsified his payroll forms by recording hours in excess" of eight hours per day and then working only partial days on Fridays. Appellant further maintained that Martinko forged his immediate supervisor's name to the payroll forms and that Martinko failed to sign the daily logs when he left the building. Conomy subsequently informed appellant that in her opinion, there "were no improprieties among the violations" described by appellant in his report. On September 2, 1999, Martinko was appointed Deputy Director of ODOT, District 2, with direct supervisory authority over appellant.

{¶ 4} According to the complaint, Martinko and the Director of ODOT, Gordon Proctor, thereafter took numerous retaliatory actions against him, e.g., (1) appellant did not receive pay increases when other administrators in his district received them, (2) he was eventually ordered to move his office to a remote location in the ODOT building, (3) he was, de facto, demoted from the position that he held for nine years, (4) he was, unlike other workers in his classification, required to get approval for vacations, compensatory time, and personal leave, (5) a disciplinary action was brought against appellant for alleged sexual harassment, (6) despite the fact that his physician said that it was unnecessary, appellant was

involuntarily placed on an administrative leave for health reasons, and (7) he was constructively discharged on July 31, 2000, when he resigned under continued threats of retaliation.

{¶ 5} On December 8, 2005, ODOT filed a motion to dismiss appellant's complaint pursuant to Civ.R. 12(B)(1), lack of subject-matter jurisdiction, and 12(B)(3), improper venue. ODOT contended this was, at the least,[1] the third time that appellant has brought a claim under R.C. 4113.52 and offered documents in support of this contention. These materials show that appellant first brought this action in the Court of Claims in March 2000. In November 2001, he voluntarily dismissed that action, without prejudice. Appellant later refiled his action in the Court of Claims, not only alleging violations of R.C. Chapter 4113, but also age and disability discrimination. On March 23, 2003, the district court judge issued an opinion in favor of appellant on the R.C. 4113.52 claim only. ODOT, however, then filed a motion to dismiss for lack of subject-matter jurisdiction. After reviewing the applicable law, the judge agreed with ODOT, and by judgment entry dated August 1, 2005, vacated his prior decision, and dismissed appellant's R.C. 4113.52 claim.

{¶ 6} Based upon the procedural history of this cause, ODOT asserted that the common pleas court was without jurisdiction for three reasons.[2] Two of these reasons are the subject of this appeal. Citing the "two dismissal rule" found in Civ.R. 41(A)(1), ODOT argued that the court lacked jurisdiction because the saving statute, R.C. 2305.19, can be used only once to refile a cause of action. ODOT also maintained that the court was without jurisdiction because R.C. 5501.22 requires that all actions against ODOT be brought in the Franklin County Court of Common Pleas. Appellant filed a memorandum in opposition, and ODOT filed a reply.

{¶ 7} On January 13, 2006, the trial court entered a judgment dismissing appellant's case. It found that July 31, 2000, the date on which, appellant claims, he was compelled to resign, was the last date that ODOT took any retaliatory action against appellant. The court then concluded that appellant timely filed his whistleblower action in the Court of Claims within the 180–day limitations period

---

1. ODOT noted that appellant also filed the claim in the United States District Court, Northern Division, asserting federal constitutional violations under Section 1983, Title 42, U.S.Code in 2000, but subsequently dismissed this action without prejudice. Nevertheless there is no evidence in the record of this cause establishing that appellant ever filed such a suit.

2. ODOT maintained that appellant's sole remedy was an appeal to the State Personnel Board of Review under R.C. 124.341(D). Appellant argued that depending upon the type of violation allegedly committed by the state agency or instrumentality, he was provided with alternate remedies under R.C. 4113.52 and 124.341. The trial court found in favor of appellant on this issue.

set forth in R.C. 4113.52(D). The judge further decided that after dismissing his claim without prejudice, appellant refiled his case in the Court of Claims within the one-year time limit set forth in the saving statute. The judge held, however, that when the Court of Claims dismissed appellant's case due to lack of subject-matter jurisdiction, the statute of limitations had expired, and appellant could not employ R.C. 2305.19 to file his case in the court of common pleas. In addition, he determined that jurisdiction did not lie in his court because courts have interpreted R.C. 5501.22 "to mean that the courts of Franklin County have exclusive subject matter jurisdiction to hear cases involving the director of transportation or the Department of Transportation."

{¶ 8} Appellant appeals this judgment and asks us to consider the following assignments of error:

{¶ 9} "It was error to not find that the 'two dismissal rule' has been abrogated by a change to O.R.C. 2305.19."

{¶ 10} "It was error to fail to recognize that O.R.C. 4113.51 creates a distinctly different party-defendant from the Director of Transportation and affords venue outside of Franklin County for whistleblower claims."

{¶ 11} In his first assignment of error, appellant contends that the trial court erred in dismissing his whistleblower action because this court has not explicitly adopted the two-dismissal rule. He further asserts that the March 2, 2004 amendment of the saving statute, R.C. 2305.19, effectively eliminated the two-dismissal rule.

{¶ 12} When ruling on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction, trial courts must determine whether a claim raises any action cognizable in that court. See *State ex rel. Bush v. Spurlock* (1989), 42 Ohio St.3d 77, 80, 537 N.E.2d 641; *Roll v. Edwards*, 156 Ohio App.3d 227, 2004-Ohio-767, 805 N.E.2d 162, ¶ 15. Appellate courts review trial court judgments regarding motions to dismiss for lack of subject-matter jurisdiction de novo. *Schetter v. Frogameni*, 6th Dist. No. L–05–1366, 2006-Ohio-3065, 2006 WL 1667709, ¶ 4, citing *Hull v. Columbia Gas of Ohio*, 160 Ohio App.3d 695, 2005-Ohio-2089, 828 N.E.2d 677, ¶ 11. In making a determination under Civ.R. 12(B)(1), neither the trial court nor this court is confined to a consideration of the allegations of the complaint, but may consider any material pertinent to that inquiry. *Southgate Dev. Corp. v. Columbia Gas Transmission Corp.* (1976), 48 Ohio St.2d 211, 2 O.O.3d 393, 358 N.E.2d 526, paragraph one of the syllabus.

{¶ 13} We note at the outset that the trial court did not utilize the so-called "two dismissal rule" or "double dismissal rule" in making its decision. The lower court's sole basis for finding that it lacked subject-matter jurisdiction was the fact

that appellant could not rely "on the savings statute to re-file his claim for a third time."

{¶ 14} The so-called "two dismissal rule" or "double dismissal rule" applies only when a plaintiff twice voluntarily dismisses an action without prejudice by filing a notice in the trial court at any time before trial. Civ.R. 41(A)(1); *Olynyk v. Andrish,* 8th Dist. No. 86009, 2005-Ohio-6632, 2005 WL 3436343, ¶ 12; *EMC Mtge. Corp. v. Jenkins,* 164 Ohio App.3d 240, 2005-Ohio-5799, 841 N.E.2d 855, ¶ 28; *Robinson v. Allstate Ins.,* 8th Dist. No. 84666, 2004-Ohio-7032, 2004 WL 2980489, ¶ 29. Specifically, Civ.R. 41(A)(1) allows a plaintiff to voluntarily dismiss all of his or her claims against a defendant, without approval of the court or any adverse party, by filing a notice of dismissal prior to trial, unless the case involves a counterclaim that cannot be independently adjudicated. *Frysinger v. Leech* (1987), 32 Ohio St.3d 38, 42, 512 N.E.2d 337.

{¶ 15} The first voluntary dismissal of a claim without prejudice places the parties in the position as if no suit had ever been filed. *Denham v. New Carlisle* (1999), 86 Ohio St.3d 594, 596, 716 N.E.2d 184. However, the second voluntary dismissal without prejudice is deemed a dismissal on the merits and, thus, is res judicata to the filing of the same cause of action for the third time. *Forshey v. Airborne Freight Corp.* (2001), 142 Ohio App.3d 404, 411–412, 755 N.E.2d 969; *Olynyk v. Andrish,* ¶ 11. Because the dismissals must be voluntary dismissals made pursuant Civ.R. 41(A)(1), the two-dismissal rule does not apply where the second dismissal is made by court order. *EMC Mtge. Corp. v. Jenkins,* ¶ 28.

{¶ 16} As applied to the case under consideration, the second dismissal of appellant's whistleblower action in the Court of Claims was premised upon that court's lack of subject-matter jurisdiction and was accomplished by means of an order of the court. Therefore, the two-dismissal rule does not pertain to this cause.

{¶ 17} On the controlling question, i.e., whether appellant could file his R.C. 4113.52 suit for a third time under the saving statute, we must, for the following reason, agree with the court below. R.C. 2305.19(A), as effective on March 2, 2004, provides:

{¶ 18} "In any action that is commenced or attempted to be commenced, if in due time * * * the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the * * * failure otherwise upon the merits or within the period of the original applicable statute of limitations, whichever occurs later."

{¶ 19} The former version of the statute differed from the current statute in that it began with the phrase "In *an* action" and ended with "the time limited for

the commencement of such action at the date of \* \* \* failure [otherwise than upon the merits] has expired." Appellant contends that by using the word "any," the General Assembly intended to abrogate the two-dismissal rule. As stated previously, we hold that the two-dismissal rule is not relevant to our disposition of this cause. The amendment of R.C. 2305.19 may, however, be material to the outcome of this appeal.

{¶ 20} The legislature enacted the March 2, 2004 amendment of R.C. 2305.19 for one purpose. The prior version of the statute was available only to plaintiffs whose statute of limitations had run. Therefore, the legislature believed that under the pre-amendment version the saving statute arguably treated "similarly situated plaintiffs" differently. 4 Anderson, Ohio Civil Practice (2004) 148.13, citing Bill Analysis of Sub. H.B. 161, 125th General Assembly. This belief is predicated upon the fact that a plaintiff who filed a Civ.R. 41(A)(1) dismissal of a claim without prejudice would have one year to refile, while a plaintiff who dismissed a claim before the statute ran would possibly have only one or two days to refile. Id. We must next determine, in light of the legislature's intent, what, if any, effect the amendment has upon the instant case.

{¶ 21} Prior to the amendment of R.C. 2305.19, the Ohio Supreme Court held that the saving statute may be used only once to refile a case. *Thomas v. Freeman* (1997), 79 Ohio St.3d 221, 227, 680 N.E.2d 997, citing *Hancock v. Kroger Co.* (1995), 103 Ohio App.3d 266, 659 N.E.2d 336. See, also, *Estate of Carlson v. Tippett* (1997), 122 Ohio App.3d 489, 491, 702 N.E.2d 143; *Harris v. O'Brien*, 8th Dist. Nos. 86218 and 86323, 2006-Ohio-109, 2006 WL 73452, ¶ 15. The saving statute cannot be used to keep actions alive indefinitely. *Romine v. Ohio State Hwy. Patrol* (2000), 136 Ohio App.3d 650, 654, 737 N.E.2d 586. To allow a plaintiff to use R.C. 2305.19 more than once would "frustrate the purpose of the civil rules which are intended to prevent indefinite filings." *Hancock v. Kroger Co.*, 103 Ohio App.3d at 269, 659 N.E.2d 336.

{¶ 22} Despite the broadening language in the amendment of R.C. 2305.19, we are of the opinion that the legislature did not intend to obviate the foregoing precept by allowing endless filings of the same case so long as the filings were within one year of a dismissal otherwise than upon the merits. The legislative history of the current version of R.C. 2305.19, as set forth infra, supports this opinion. The new version of the statute was enacted to prevent the disparate treatment of "similarly situated" plaintiffs. Appellant's case cannot be likened to that of a plaintiff whose case was dismissed other than on the merits before the statute of limitations ran. We thus conclude that because appellant employed the saving statute once to refile his lawsuit in the Court of Claims, he cannot use the saving statute to bring the same cause of action a third time. Appellant's first assignment of error is found not well taken.

{¶ 23} Our disposition of appellant's first assignment of error renders appellant's second assignment of error moot, and it shall not be considered by this court.

{¶ 24} On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.

Judgment affirmed.

PIETRYKOWSKI and PARISH, JJ., concur.