OPINION
{¶ 1} The primary issue in this case is whether there is a rational basis for the Ohio savings statute for wrongful death actions, R.C. 2125.04, to distinguish between plaintiffs who dismiss their actions prior to the running of the statute of limitations and those who dismiss after the statute of limitations has lapsed. For the reasons that follow, we find that the statute lacks a rational basis. *Page 2 
 {¶ 2} On September 5, 2003, Jarrod Payne, a pedestrian, was killed when he was struck by a car driven by defendant-appellee, Janette Fraley. Plaintiff-appellant, Sharma Presley is the administratrix of the decedent's estate. Presley filed a wrongful death action against Fraley on June 14, 2004, well within the two year statute of limitations for wrongful death actions. Presley voluntarily dismissed the action pursuant to Civ. R. 41(A) on May 31, 2005. She re-filed her complaint on May 26, 2006. Eventually, the case was tried to a jury who found that Fraley negligently caused the death of Jarrod Payne. The verdict was filed on April 24, 2008.
 {¶ 3} Fraley filed a motion for judgment notwithstanding the verdict on May 7, 2008. Fraley argued that Presley had failed to prove an essential element of her wrongful death action, specifically, that her re-filed complaint was not timely filed within the two year statute of limitations.
 {¶ 4} The trial court granted the motion citing a 1947 Supreme Court of Ohio case that held that commencing a wrongful death action within the prescribed time is a necessary element of the right to bring it, and that the statute of limitations is not a defense, but, rather, an essential part of the action. Sabol v. Pekoc (1947), 148 Ohio St. 545,554 (construing former analogous General Code Section 10509-169). The trial court then determined that the one year savings clause contained in R.C. 2125.04 does not apply if a plaintiff voluntarily dismisses her wrongful death action before the two year statute of limitations expires. Under those circumstances, a plaintiff must re-file before the original two year period expires or her claim is barred. *Page 3 
 {¶ 5} On appeal, Presley assigns the following as error:
 THE TRIAL COURT ERRED IN ITS AUGUST 24, 2008 JUDGMENT ENTRY GRANTING DEFENDANT'S MOTION FOR JUDGMENT N.O.V. AND SETTING ASIDE THE JUDGMENT ENTRY OF APRIL 30, 2008, ENTERED FOR PLAINTIFF UPON JURY VERDICT.
 {¶ 6} Presley first argues that Fraley's motion for judgment notwithstanding the verdict was not well-taken because the defense of failure to state a claim is waived if not raised prior to or during trial. Therefore, Presley argues, any defense or objection that Fraley could have made as to the applicability of the saving statute or the untimeliness of the wrongful death action was waived after the trial was concluded and the judgment was rendered.
 {¶ 7} A motion for judgment notwithstanding the verdict should be granted where the evidence is legally insufficient to support the verdict. Aldahan v. Tansky Sales, Inc. (June 20, 2000), 10th Dist. No. 99AP-651, citing County Savings Bank v. Sain (Apr. 21, 1992), 10th Dist. No. 91AP-380. Our standard of review for a judgment notwithstanding the verdict is de novo as it involves questions of law, not fact.Stonehenge Land Co. v. Beazer Homes Invests., L.L.C., 117 Ohio App.3d 7,2008-Ohio-148, ¶ 43.
 {¶ 8} The question here is whether the trial court correctly determined that Presley failed to prove an essential element of her wrongful death claim. The time limitation for a wrongful death action set forth in R.C. 2125.02(D)(1) requires that a valid claim for wrongful death "shall be commenced within two years after the decedent's death." Courts have determined the time limitation stated in R.C. 2125.02(D) "expresses an integral element of the right of the action itself," not merely a defense to *Page 4 
the claim. Sabol, at 552; Brookbank v. Gray (1996), 74 Ohio St.3d 279,291; Russ v. Nationwide Mut. Ins. Co., 10th Dist. No. 03AP-783, 2004-Ohio-1616, ¶ 16. As Sabol explains, "if an action is not brought within two years from the death of the decedent it must fail, not because a statute of limitations provides the time within which it must be brought[,] but because the time limit is of the very essence of the action. If this is so, the time limitation is not merely a matter of defense, which must be raised by demurrer or answer and which is waived if not so raised, but it is a condition precedent to bringing the action, and the question can be raised at any time during the progress of the action." Id. at 552. See Russ, at ¶ 16 (setting forth the standard cited above).
 {¶ 9} Because the motion for judgment notwithstanding the verdict was based upon a failure of proof of an essential element of the wrongful death claim, Presley's waiver argument is not well-taken.
 {¶ 10} Presley next argues that the savings statute for wrongful death actions violates her right to equal protection under the law. Section 2, Article I, Ohio Constitution. Presley's equal protection argument is two-fold. First, she argues that the wrongful death saving statute, R.C. 2125.04, impermissibly discriminates between wrongful death plaintiffs and all other plaintiffs bringing statutorily created causes of action because the other plaintiffs are allowed to use the more liberal general savings statute, R.C. 2305.19. Second, she claims that the wrongful death saving statute impermissibly discriminates between wrongful death plaintiffs who dismiss their actions prior to the expiration of the two year limitation and wrongful death plaintiffs who dismiss their claim after the two year limitation has run. Presley contends that there is no rational basis for these distinctions. *Page 5 
 {¶ 11} No suspect class or fundamental right is involved in this action. Therefore, the court must apply the rational basis test. Under this test, a challenged statute will be upheld if the classifications it creates bear a rational relationship to a legitimate government interest or are grounded on a reasonable justification, even if the classifications are not precise. Groch v. Gen. Motors Corp.,117 Ohio St.3d 192, 2008-Ohio-546, ¶ 82.
 {¶ 12} Civ. R. 41(A) allows a plaintiff to voluntarily dismiss her claims against a defendant, without approval of the court or any adverse party, by filing a notice of dismissal prior to trial. Presley availed herself of this rule and then sought to use the Ohio savings statute to re-file her claim. Prior to March 2, 2004, Ohio's general savings statute, R.C. 2305.19(A), provided in pertinent part, as follows:
 In an action commenced * * * if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date.
(Emphasis added.)
 {¶ 13} The statute was amended effective March 2, 2004, to eliminate the concern that similarly situated plaintiffs were treated differently depending on whether they filed their motion before the statute of limitations had run or after.
 {¶ 14} The amended statute provides, in pertinent part, that:
 In any action that is commenced * * * if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise *Page 6 
than upon the merits or within the original statute of limitations, whichever occurs later. * * *
(Emphasis added.)
 {¶ 15} This court recently discussed that amendment as follows:
 In [Dargart v. Ohio Dept. of Transp., 171 Ohio App.3d 439, 2006-Ohio-6179], the court observed that the legislature amended R.C. 2305.19(A) for the single purpose of remedying the legislature's belief that the former statute may have treated similarly situated plaintiffs differently. Dargart, at ¶ 20. The legislature's concern was `predicated upon the fact that a plaintiff who filed a Civ. R. 41(A)(1) dismissal of a claim without prejudice would have one year to refile, while a plaintiff who dismissed a claim before the statute ran would possibly have only one or two days to refile.' Id., citing 4 Anderson, Ohio Civil Practice (2004), 148.13, citing Bill Analysis of Sub. H.B. No. 161, 125th General Assembly.
Bailey v. Ohio State Dept. of Transp., 10th Dist. No. 07AP-849,2008-Ohio-1513, ¶ 12.
(Bill Analysis available at www.lsc.state.oh.us.)
 {¶ 16} The wrongful death savings statute, R.C. 2125.04, has not been amended to eliminate the so-called "malpractice trap" language that permits a plaintiff who dismisses after the statute of limitations has run to have up to a year from the dismissal to re-file, but penalizes a plaintiff who dismisses before the statute of limitations has run by allowing her to re-file only within the original two year limitation. Thus, while the general savings statute permits a plaintiff to dismiss and re-file her action within one year regardless of when the voluntary dismissal was filed, the wrongful death savings statute does not.
 {¶ 17} Prior to the amendment of the general savings statute, a number of courts held that the wrongful death savings statute, R.C. 2125.04, does not apply in a case where the action was dismissed prior to the expiration of the two year statute of *Page 7 
limitations. In Boron v. Brooks Beverage Mgmt, Inc. (June 30, 1999), 10th Dist. No. 98AP-902, this court determined that neither the general savings statute nor the wrongful death savings statute applied to dismissals that occurred before the running of the statute of limitations. Under a rational basis test, the court held that the savings statutes merely distinguished "between those who actually need saving and those who do not." Id.
 {¶ 18} In Eppley v. Tri-Valley Loc. Sch. Dist. (5th Dist. No. CT2007-0022), 2008-Ohio-32, appeal allowed, 118 Ohio St.3d 1460,2008-Ohio-2823, the Fifth District Court of Appeals reexamined the equal protection issue in light of the legislature's amendment to the general savings statute. The court listed a number of distinguishing features of wrongful death claims and possible rationales for treating wrongful death plaintiffs differently. First, the court looked at whether there was a rational basis for a distinction between wrongful death plaintiffs and all other plaintiffs, including those whose claims were creatures of statute. The court noted the fact that a wrongful death statute of limitations is not a statute of repose, but rather an element of the action itself. Id. at ¶ 34. The court then said: "However, this distinction does not explain why a plaintiff who dismisses his action prior to the running of the statute of limitations should not have one year to re-file, while a plaintiff who dismisses an identical action after the running of the statute of limitations is `saved' by the statute." Id.
 {¶ 19} The Eppley court then acknowledged that a wrongful death claim is a statutory claim, unlike most claims for personal injury, which are based on common law. But the court noted that the Supreme Court of Ohio has applied R.C. 2305.19 to various statutory claims including will contests, suits against the state in the Ohio Court of Claims, *Page 8 
workers' compensation cases, and age discrimination actions with no apparent ill effects. Id. at ¶ 35.
 {¶ 20} The court then noted the argument that wrongful death claims are derivative in nature as opposed to personal injury claims which are direct claims. Additionally, the Ohio Constitution provides that damages recoverable in wrongful death claims cannot be limited by law, although damages for personal injury can and have been limited. Section 19a, Article 1, Ohio Constitution. However, once again the Eppley court opined that the final step of the analysis was missing, and that no rational relationship to a legitimate state interest had been put forth because of the disparate treatment of wrongful death plaintiffs from other plaintiffs, and the disparate treatment of wrongful death plaintiffs who dismiss their cases too early from those who wait until after the statute of limitations has run. Id. at ¶ 36.
 {¶ 21} Finally the court stated that closing the so-called "malpractice gap" in wrongful death actions would not impair a fair and predictable system of justice preserving the rights of those who have been harmed by negligent behavior while curbing frivolous lawsuits. The court concluded that: "[p]reserving our justice system has not required any other claim be subject to the malpractice gap." We agree. As a practical matter, it appears as though the savings provisions of R.C. 2125.04 do not lend themselves to a fair and predictable system of justice, but in fact add to the confusion just as R.C. 2305.19 did before it was amended.
 {¶ 22} The Ohio Supreme Court has accepted this case for review. Until we receive a definitive answer from that judicial body, we are persuaded that the Eppley analysis is sound. The Ohio General Assembly has clearly indicated a desire to close the *Page 9 
malpractice gap in civil actions by amending R.C. 2305.19. While there may be a plausible reason the legislature did not see fit to amend the wrongful death saving statute in the same way for wrongful death actions, Fraley has not put forth any rational basis for doing so, and we have found none. As written, the statute allows a full year for re-filing if a plaintiff dismisses one day after the statute of limitations has expired, but only days or hours for re-filing a case dismissed shortly before the running of the statute of limitations. SeeBoron, supra (Tyack, J., concurring separately).
 {¶ 23} Accordingly, we find that the challenged provision of R.C. 2125.04 is arbitrary and violates Presley's right to equal protection under the law. The single assignment of error is sustained, and the judgment notwithstanding the verdict of the trial court is reversed with instructions to reinstate the judgment entry of April 30, 2008, entered for plaintiff upon jury verdict.
Judgment reversed with instructions.
 BROWN, J., concurs. McGRATH, concurs separately.