OPINION
{¶ 1} Plaintiffs Robert and Angela Wolfe appeal a summary judgment of the Court of Common Pleas of Perry County, Ohio, granted in favor of defendants Steven V. Priano and Ohio Orthopaedic Center. Appellants assign a single error to the trial court:
 {¶ 2} "I. THE COURT OF COMMON PLEAS OF PERRY COUNTY, OHIO ERRED TO THE SUBSTANTIAL PREJUDICE OF PLAINTIFFS-APPELLANTS ROBERT WOLFE, ET AL., AS A MATTER OF LAW, BY FINDING THAT APPELLANTS' CLAIMS WERE NOT SUBJECT TO RE-FILING UNDER THE SAVINGS STATUTE, R.C. 2305.19, UPON THE TRIAL COURT'S INVOLUNTARY DISMISSAL WITHOUT PREJUDICE PURSUANT TO CIVIL RULE 41 (B)(1); AND BY SUSTAINING THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS-APPELLEES DENNIS E. MCCLURE, M.D. AND DENNIS E. MCCLURE, M.D., INC."
 {¶ 3} The record indicates appellants filed their first complaint against appellees on September 16, 2004. On October 7, 2005, appellants voluntarily dismissed the matter pursuant to Civ. R. 41(A).
 {¶ 4} On December 16, 2005, appellants re-filed their case. On February 21, 2007, the trial court dismissed the case without prejudice for failure to comply with the local rules and the court's pretrial orders.
 {¶ 5} Appellants re-filed their complaint on February 8, 2008. Appellees moved for summary judgment based upon the statute of limitations, arguing the savings statute can only be used once, and because appellants had already utilized the savings statute when they re-filed their case in 2005, they could not use it a second time in 2008.
 {¶ 6} Civ. R. 56 states in pertinent part: *Page 3 
 {¶ 7} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."
 {¶ 8} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts,Houndshell v. American States Insurance Company (1981),67 Ohio St. 2d 427. The court may not resolve ambiguities in the evidence presented,Inland Refuse Transfer Company v. Browning-Ferris Industries of Ohio,Inc. (1984), 15 Ohio St. 3d 321. A fact is material if it affects the outcome of the case under the applicable substantive law, Russell v.Interim Personnel, Inc. (1999), 135 Ohio App. 3d 301.
 {¶ 9} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court, Smiddy v. The *Page 4 Wedding Party, Inc. (1987), 30 Ohio St. 3d 35. This means we review the matter de novo, Doe v. Shaffer, 90 Ohio St.3d 388, 2000-Ohio-186.
 {¶ 10} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim,Drescher v. Burt (1996), 75 Ohio St. 3d 280. Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist, Id. The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary material showing a genuine dispute over material facts, Henkle v.Henkle (1991), 75 Ohio App. 3d 732.
 {¶ 11} Appellants argue the trial court's judgment is erroneous as a matter of law.
 {¶ 12} R.C. 2305.19 states in pertinent part:
 {¶ 13} "(A) In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise then upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise then upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant."
 {¶ 14} Appellants urge the statute does not state it may be used only once. Appellants argue previous case law holding the savings statute may only be applied once based upon a misinterpretation or misreading of the statute. Appellants further *Page 5 
argue the application of the savings statute under these circumstances creates an unconstitutional conflict with Civ. R. 41 (A).
 {¶ 15} Civ. R. 41 provides:
 {¶ 16} "(A) Voluntary dismissal: effect thereof
 {¶ 17} "(1) By plaintiff; by stipulation. Subject to the provisions of Civ. R. 23(E), Civ. R. 23.1, and Civ. R. 66, a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:
 {¶ 18} "(a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant;
 {¶ 19} "(b) filing a stipulation of dismissal signed by all parties who have appeared in the action.
 {¶ 20} "Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court.
 {¶ 21} "(2) By order of court. Except as provided in division (A)(1) of this rule, a claim shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon that defendant of the plaintiff's motion to dismiss, a claim shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless *Page 6 
otherwise specified in the order, a dismissal under division (A)(2) of this rule is without prejudice.
 {¶ 22} "(B) Involuntary dismissal: effect thereof
 {¶ 23} "(1) Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.
 {¶ 24} * * *
 {¶ 25} "(3) Adjudication on the merits; exception. A dismissal under division (B) of this rule and any dismissal not provided for in this rule, except as provided in division (B)(4) of this rule, operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies."
 {¶ 26} In a case similar to the one at bar, Brubaker v. Ross, Franklin App. No. 01AP-1431, 2002-Ohio-4396, the Tenth District Court of Appeals reviewed a situation where an estate filed a negligence action, but later voluntarily dismissed the action. After the executor re-filed the complaint, the trial court dismissed the action without prejudice. The estate re-filed the complaint a second time, and the defendant moved to dismiss. The court of appeals found the estate could not use the savings statute more than once to save an action, Brubaker, at paragraph 12.
 {¶ 27} The court stated: "* * * [t]he savings statute may not be used to keep actions alive indefinitely. Romine v. Ohio State Hwy. Patrol
(2000), 136 Ohio App.3d 650, 654, 737 N.E.2d 586. To allow a plaintiff to use this statute more than once would `frustrate the purpose of the civil rules which are intended to prevent indefinite filings.' Id. at 269, 737 N.E.2d 586. Other Ohio courts are in accord with this view.Estate of *Page 7 Carlson v. Tippett (1997), 122 Ohio App.3d 489, 491, 702 N.E.2d 143;Nagy v. Patterson (1994), Lorain App. No. 94CA005837; Seawright v.Zabell (1989), Cuyahoga App. No. 55232; Mihalcin v. Hocking College
(2000), Athens App. No. 99CA32. The Ohio Supreme Court, in dicta, has agreed with this proposition. Thomas v. Freeman (1997),79 Ohio St.3d 221, 227, 680 N.E.2d 997 (noting that `the savings statute can be used only once to refile a case')." Id.
 {¶ 28} The Franklin County Court of Appeals also rejected the argument that because the trial court dismissed the matter without prejudice, this implies the estate can re-file the complaint. The Brubaker court held a dismissal without prejudice means the dismissal has no res judicata effect, but it does not toll the statute of limitations or otherwise extend the time for re-filing, Id. at paragraph 13, citation deleted.
 {¶ 29} In Dargart v. Ohio Department of Transportation,171 Ohio App. 3d 439, 2006-Ohio-6179, 871 N.E. 2d 608, the Sixth District Court of Appeals reviewed a case wherein a whistleblower claim was dismissed once by the plaintiff, and after it was re-filed, was dismissed by the Court of Claims. The plaintiff then filed for a third time in the Common Pleas of Wood County. The trial court dismissed the complaint for lack of subject matter jurisdiction, and the court of appeals held although the two dismissal rule did not bar re-filing the claim, the plaintiff could not utilize the savings statute to file the same claim a third time. The court of appeals reasoned the two-dismissal rule contained in Civ. R. 41 (A) applies to voluntary dismissals, but not to situations where the second dismissal may be made by court order, Dargart, paragraph 15.
 {¶ 30} The appellant in Dargart also argued, as do the appellants here, that when the legislature amended R.C. 2305.19 in May, 2004, it broadened the language and *Page 8 
eliminated the rule the savings statute could only be used once. The Wood County Court of Appeals rejected this, finding the legislature did not intend to permit a number of filings of the same case. Id. at paragraph 22. Likewise, we also find no support for appellants' argument in the amended statute.
 {¶ 31} Like the cases cited supra, the within case involves a voluntary dismissal followed by an involuntary dismissal, and Civ. R. 41(A) does not apply here. We conclude the case presents no conflict between the Civil Rules and the savings statute.
 {¶ 32} We find the trial court did not err in granting summary judgment, because as a matter of law appellants were prohibited from filing their action a third time.
 {¶ 33} The assignment of error is overruled.
 {¶ 34} For the foregoing reasons, the judgment of the Court of Common Pleas of Perry County, Ohio, is affirmed.
By Gwin, J., Farmer, P.J., and Wise, J., concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Perry County, Ohio, is affirmed. Costs to appellant. *Page 1