[Cite as *State v. Caskey*, 2018-Ohio-116.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                      Court of Appeals No. L-17-1166

       Appellee                                Trial Court No. 17TRD00306

v.

Donald  F. Caskey, II                       **DECISION AND JUDGMENT**

       Appellant                                Decided:  January 12, 2018

* * * * *

Michael DeWine, Attorney General, and Brian R. Honen,
Assistant Attorney General, for appellee.

Kollin L. Rice, for appellant.

* * * * *

**JENSEN, P.J.**

## I.  Introduction

{¶ 1} In this accelerated appeal, appellant, Donald Caskey, appeals the judgment of the Maumee Municipal Court, dismissing his appeal of an administrative suspension of his driver's license upon a finding that it lacked jurisdiction over the matter.

## A. Facts and Procedural Background

{¶ 2} The facts relevant to our disposition of this appeal were stipulated by the parties before the trial court. On September 2, 2016, Alicia Smith was involved in a motor vehicle collision while driving a vehicle owned by appellant. Smith was driving appellant's vehicle with appellant's permission even though she did not have a valid driver's license at the time, a fact that appellant was unaware of at the time he granted her permission to drive his vehicle. Moreover, neither appellant nor Smith possessed insurance at the time of the accident. The driver of the vehicle into which Smith collided was insured by Grange Insurance Company.

{¶ 3} On November 22, 2016, Grange submitted a crash report and supporting documentation to the Bureau of Motor Vehicles (BMV) regarding the September 2, 2016 accident and requested the suspension of appellant's driver's license. A notice of suspension was sent to appellant on December 14, 2016, informing him that he was subject to a security suspension for money potentially owed to the driver of the other vehicle, as well as a noncompliance suspension for failing to maintain automotive insurance on his vehicle. The notice also stated that appellant was entitled to request a hearing on the security suspension within 30 days, and within 10 days on the noncompliance suspension.

{¶ 4} The foregoing notice was received by appellant on December 24, 2016. Thereafter, on January 6, 2017, appellant mailed his appeal to the BMV, which file-stamped it on January 17, 2017. The next day, the BMV mailed a Final Order of Suspension to appellant, informing him that his appeal was untimely and that

2.

consequently his license was subject to a noncompliance suspension and a security suspension as of January 13, 2017 (the deadline for appellant to request a hearing regarding either suspension).

{¶ 5} Meanwhile, appellant was cited for driving under suspension by the Waterville Police Department on January 14, 2017, and was ordered to appear before the Maumee Municipal Court on that charge. Ten days later, appellant filed a "Petition and Motion to Stay and Vacate Drivers' License Suspension and Notice of Appeal of Final Order of Suspension" with the trial court. The state responded by filing a motion to dismiss the petition, arguing that the trial court lacked subject matter jurisdiction over the issue of appellant's driver's license suspension. Appellant opposed the state's motion, insisting that the trial court possessed subject matter jurisdiction to adjudicate all matters concerning his driver's license under R.C. 4510.73.

{¶ 6} Upon consideration of the parties' arguments, the trial court issued its decision on June 5, 2017, in which it found that it lacked jurisdiction to consider appellant's petition, thereby granting the state's motion and dismissing the petition. Two days after the court issued its decision, appellant filed a request for written findings of fact and conclusions of law, which was subsequently denied by the trial court.

{¶ 7} Thereafter, appellant filed his timely notice of appeal and the matter was placed on our accelerated calendar.

### B. Assignments of Error

{¶ 8} On appeal, appellant raises the following assignments of error:

3.

1. The Trial Court Erred in Finding That It Lacked Jurisdiction to Consider Defendant's Appeal of His Administrative License Suspension.

2. The Trial Court Erred in Failing to Issue Written Findings of Fact and Conclusions of Law.

## II. Analysis

{¶ 9} In his first assignment of error, appellant argues that the trial court erred in finding that it lacked subject matter jurisdiction to consider his appeal of the BMV's suspension of his driver's license.

{¶ 10} We review a trial court's decision regarding motions to dismiss for lack of subject matter jurisdiction de novo. *Dargart v. Ohio Dept. of Transp.*, 171 Ohio App.3d 439, 2006-Ohio-6179, 871 N.E.2d 608, ¶ 12 (6th Dist.). "When ruling on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction, trial courts must determine whether a claim raises any action cognizable in that court." *Id.*, citing *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80, 537 N.E.2d 641 (1989).

{¶ 11} Here, appellant argues that the trial court possessed subject matter jurisdiction over his driver's license suspension appeal pursuant to R.C. 4510.73, which states, in relevant part:

(A) It is the intent of this section to allow all issues concerning driver's licenses to be litigated in a single forum, not to eliminate any forum venue in existence on the effective date of this section.

(B) Notwithstanding any provision of the Revised Code to the contrary, any court whose jurisdiction has been invoked under this chapter 4.

or any other chapter of the Revised Code regarding a driver's license matter, other than a matter involving a commercial driver's license, is hereby conferred concurrent jurisdiction to adjudicate all issues and appeals regarding that driver's license matter, including issues of validity, suspension, and, with regard to any suspension imposed by the bureau of motor vehicles, driving privileges. * * *

(C)

(1) The court's jurisdiction over a particular driver's license issue may be invoked by a motion, appeal, or petition filed by a holder of a driver's license. Any such motion, appeal, or petition shall state the issue with respect to which the court's jurisdiction is invoked.

(2) When a court's jurisdiction over a driver's license issue is properly invoked, that court shall adjudicate all issues and appeals brought before the court regarding that issue, unless the motion, appeal, or petition is withdrawn.

{¶ 12} The state asserts that the statutory provisions cited above do not apply here because appellant has not properly invoked the trial court's jurisdiction. The state argues that the trial court did not possess original jurisdiction over this matter because only the court of common pleas possesses such jurisdiction. To make its argument, the state references legislative history and R.C. 119.12(A)(1), which states that "any party adversely affected by any order of an agency * * * revoking or suspending a license, * *

5.

* may appeal from the order of the agency to the court of common pleas of the county in which * * * the licensee is a resident."

{¶ 13} Notably, R.C. 119.12 and the cases applying that statute that are cited by the state predate R.C. 4510.73. Thus, they are of little relevance here, in light of the fact that the grant of concurrent jurisdiction under R.C. 4510.73 applies "[n]otwithstanding any provision of the Revised Code to the contrary." Further, it is clear from the plain language of the statute that R.C. 4510.73 broadly grants concurrent jurisdiction over driver's license suspension matters to courts such as the trial court in this case, where appellant is properly before the court on a charge of driving under suspension in violation of R.C. 4510.11. The charge of driving under suspension is patently a "driver's license matter" as set forth in R.C. 4510.73 and, as such, the trial court possessed concurrent jurisdiction to adjudicate "issues of validity, suspension, and, with regard to any suspension imposed by the bureau of motor vehicles, driving privileges." R.C. 4510.73(B). Therefore, we find that the trial court erred in concluding that it lacked subject matter jurisdiction and dismissing appellant's petition.

{¶ 14} Accordingly, appellant's first assignment of error is well-taken. Having found that the trial court improperly granted the state's motion to dismiss appellant's petition, the issue of whether the trial court erred in refusing to issue written findings of fact and conclusions of law is moot and we need not address it.

6.

## III.  Conclusion

{¶ 15} In light of the foregoing, the judgment of the Maumee Municipal Court is reversed, and this matter is remanded to the trial court for further proceedings consistent with this decision.  The state is ordered to pay costs of this appeal pursuant to App.R. 24.

Judgment reversed.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.



Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

James D. Jensen, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.

7.